BARNARD V. BARNARD

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-024-CV

FRANK ELMAR BARNARD APPELLANT

V.

LINDA NELL BARNARD APPELLEE

------------

FROM THE 393
RD
 DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------

Introduction

Appellant Frank Elmar Barnard appeals the trial court’s order granting a divorce on grounds of cruelty and dividing the property of the marital estate.  In four points, appellant complains that the trial court erred because 
it
 (1) 
did not have a basis upon which to exercise jurisdiction or venue under Texas Family Code section 6.301; (2) abused its discretion in finding that appellant was guilty of cruel treatment when no evidence was presented to the trial court in support of the finding; (3) abused its discretion in its division of the community estate because no evidence existed to support the division; and (4) erred by failing to confirm and award appellant his separate property.
  We reverse and remand the case for a new trial on the property division.

Facts

Appellee Linda Nell Barnard filed for divorce alleging insupportability and cruelty as grounds.  Appellant alleged only insupportability in his counterpetition for divorce.  The trial court found that appellant had committed family violence and granted appellee a protective order. 

Each party submitted written settlement proposals on property division and custody issues.  During a hearing in chambers on September 10, 2002, 
the trial court rendered rulings on the division of community property, conservatorship, and child support.

On October 16, 2002, the trial court signed a final divorce decree on the grounds of insupportability and cruelty.  The trial court awarded the rental properties in a 55/45 ratio and the remainder of the property in a ratio of 60/40 in favor of appellee.  The trial court did not conduct a hearing to prove up the divorce or the property division before signing the final decree.

Jurisdiction and Venue

In his first point, appellant complains that t
he trial court lacked authority to grant a divorce in this case because no evidence was presented to show that  either party was a domiciliary of Texas for six months preceding the divorce or that either party resided in Denton County for ninety days before the suit was filed.  Thus, appellant argues that the trial court did not have a basis upon which to exercise jurisdiction or venue under Texas Family Code section 6.301.  
Tex. Fam. Code Ann.
 § 6.301 (Vernon 1998).
(footnote: 1)  Appellee responds by noting that the parties judicially admitted the necessary facts in their pleadings, requested that the trial court grant the divorce, made stipulations consistent with such admissions, and waived any error related to the granting of the divorce.
  Questions of residency and domicile as qualification for a divorce action are fact issues to be determined by the trial court and will not be disturbed on appeal unless there is a clear abuse of discretion.  
Liepelt v. Oliveira
, 818 S.W.2d 75, 78 (Tex. App.—Corpus Christi 1991, no writ).  

On May 28, 2002, appellant filed his first amended counterpetition for divorce stating that he was a resident of Denton County and a domiciliary of Texas for the required period of time.  Admissions by a husband and wife in petitions for divorce, stating that they satisfied the residency requirements of divorce, are considered judicial admissions in the case in which the pleadings are filed, and no additional proof is required of the admitted fact.  
See
 
Dokmanovic v. Schwarz
, 880 S.W.2d 272, 277 (Tex. App.—Houston [14
th
 Dist.] 1994, no writ); 
see also
 
McCaskill v. McCaskill
, 761 S.W.2d 470, 472  (Tex. App.—Corpus Christi
 1988, writ denied).  We agree with appellee that appellant admitted the necessary jurisdictional and venue facts in his pleadings.
  
We overrule appellant’s first point.

Cruel Treatment

In his second point, appellant complains that the trial court
 abused its discretion in finding that appellant was guilty of cruel treatment when no evidence was presented to the trial court in support of the finding.
  A spouse’s conduct rises to the level of cruel treatment when his or her conduct renders the couple’s living together insupportable.  
Tex. Fam. Code Ann.
 § 6.002.  The evidence of cruelty presented at trial must be supported by full, clear, and satisfactory evidence.  
Hunt v. Hunt
, 456 S.W.2d 243, 244 (Tex. App.—Corpus Christi 1970, no writ).  On June 3, 2002, the trial court heard appellee’s application for a protective order where she alleged that appellant had committed family violence against her and against appellant’s two daughters.  In support of her application for a protective order, appellee attached a sworn affidavit marked exhibit B.  The trial court signed the protective order on June 17, 2002.  On page two of the order, the trial court found that appellant
 had committed family violence against appellee.

In appellee’s affidavit she alleged that on or about March 23, 2002, appellant threatened to kill her after he saw her riding a motorcycle with another man.  Additionally, she alleged that appellant told her that even if she received property in the divorce, she would not live long enough to spend any of it.  Appellee further claims that appellant had contacted appellee’s neighbor asking if he knew anyone who would commit murder for hire because appellant allegedly wanted to murder appellee and her male friend.  Appellant allegedly paid the neighbor $50.00 to watch appellee’s activities and report on her.  On or about March 3, 2002, appellee alleged that when appellant came to her home to drop off their daughter, he demanded the dog so that he could shoot it in the head.  When appellee asked him why he would do such a thing, he responded by threatening to give appellee a black eye and broken jaw once they were alone.  Appellee reported appellant’s threats to the police, who made him leave the property.  On or about February 1, 2002, appellee went to appellant’s home to work on paperwork for the joint property they owned.  According to appellee, appellant threatened her with a metal meat tenderizer and charged at her as she attempted to leave, pushing her out the door.  A third party stopped appellant from actually hitting appellee. 

Judicial notice may be taken sua sponte at any stage of the proceedings of any fact which “is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.” 
 
Tex. R. Evid.
 201.  “[T]he trial court may take judicial notice of its file at any stage of proceedings and is presumed to have done so with or without a request from a party.” 
Attorney General of Texas v. Duncan
, 929 S.W.2d 567, 571 (Tex. App.—Fort Worth 1996, no writ).  

The trial court entered findings of fact and conclusions of law.  In number five, the trial court found that the marriage had become insupportable and that appellant was guilty of cruel treatment against appellee of a nature that rendered further living together insupportable.  Based upon those findings, the trial court granted the parties’ divorce.  Because the protective order finding that appellant committed family violence against appellee and affidavit in support thereof were filed with the trial court in the same cause as the divorce, we presume that the trial court took judicial notice of the contents of the file.  
See Id.
  
Therefore, some evidence exists to support the trial court’s finding of cruel treatment.  Accordingly, we overrule appellant’s second point.

Community Property
 
Division

In his third point, appellant complains that the trial court 
abused its discretion in dividing the community estate.  
Specifically, appellant complains that there is no evidence to support the disproportionate division of the community estate in favor of appellee.  
Appellant asserts that the trial court abused its discretion by failing to divide the community in a just and right manner.  
See
 
Tex. Fam. Code Ann.
 § 7.001 (Vernon 1998).  

A
 trial court has broad discretion in dividing the marital estate,
 and we presume the trial court exercised its discretion properly.  
Murff v. Murff
, 615 S.W.2d 696, 698-99 (Tex. 1981).  In dividing the community estate of the parties, the trial court shall order a division of the property that it deems just and right, having due regard for the rights of each party.
 
Tex. Fam. Code Ann.
 § 7.001
.  This court will correct the trial court's division of marital property only when an abuse of discretion has been shown.  
Murff
, 615 S.W.2d at 698;  
Massey v. Massey
, 807 S.W.2d 391, 398 (Tex. App.—Houston [1
st
 Dist.] 1991), 
writ denied, 
867 S.W.2d 766 (Tex. 1993)
.
  
The division of the community estate need not be equal, but it should be equitable.  
O'Carolan v. Hopper
, 71 S.W.3d 529, 532 (Tex. App.—Austin 2002, no pet.); 
Zieba v. Martin
, 928 S.W.2d 782, 790 (Tex. App.—Houston [14
th
 Dist.]
 
1996, no writ) (op. on reh'g); 
Massey
, 807 S.W.2d at 398. 

The trial court's discretion to divide the community estate is broad, but not without limits.  
O'Carolan
, 71 S.W.3d at 532; 
Zieba
, 928 S.W.2d at 790.  The trial court must have some reasonable basis for an unequal division of the property.  
O'Carolan
, 71 S.W.3d at 532; 
Zieba
, 928 S.W.2d at 790.  To prove that the trial court abused its discretion, the party complaining of the division must demonstrate from evidence in the record that the division was manifestly unjust and unfair.  
Pletcher v. Goetz, 
9 S.W.3d 442, 446 (Tex. App.—Fort Worth 1999, pet. denied) (op. on reh'g).
 

The trial court exercises its broad discretion by considering many factors.  
Murff
, 615 S.W.2d at 699.  The
 nonexclusive list of factors include the following:  (1) fault in breaking up the marriage; (2) the spouses' capacities and abilities; (3) business opportunities; (4) education; (5) relative physical conditions; (6) relative financial conditions and obligations; (7) disparity of ages; (8) sizes of separate estates; (9) the nature of the property; and (10) disparity in earning capacities or incomes.  
Id.
 

In this case, the only hearing conducted by the trial court to address the division of marital property occurred in chambers, in the presence of a court reporter, on September 10, 2002.  Neither party testified during this brief hearing in chambers,
(footnote: 2) and no other hearing was conducted to prove up the divorce or character of the property.  The trial court effectively divided the entire estate without the benefit of testimony or any evidence presented at a contested trial.  
The trial court opened the hearing by saying that “I have considered the proposed settlements from each side.  Each side submitted written proposals for property division and custody issues.  I decided to go with a 55/45 split in favor of [appellee].  That split being the split of the rental properties that the parties own together.” 
 During the hearing, the following exchange occurred:

THE COURT:  [Appellee's] attorney will prepare the decree.  Has the divorce actually been proved up?  I believe it has–it has not?

[RESPONDENT'S COUNSEL]:  I don’t think we have.

THE COURT:  All right. Well, I’ll wait to hear back from them once the decree is ready.

[RESPONDENT'S COUNSEL]:  That’s correct, Your honor.

[PETITIONER'S COUNSEL]:  Thank you so much.

The in-chambers hearing clearly contemplated a later prove-up hearing once the decree had been prepared.  Despite this, the trial court relied solely on the parties’ proposed settlements
(footnote: 3) in its division of the property, and no evidence exists in the record to indicate that it relied on any other source.

The trial court in this case acted as if the decree was based upon a settlement agreement entered into between the parties, rather than as a result of an adversarial proceeding.  The family code provides that spouses may enter into a written agreement concerning the division of the property, the liabilities of the spouses, and maintenance.  
Tex. Fam. Code Ann.
 § 7.006(a).  If the trial court finds that the terms of the written agreement in a divorce are just and right, those terms are binding on the trial court.  
Id. 
§ 7.006(b). 
 If the trial court approves the agreement, the trial court may set forth the agreement in full or incorporate the agreement by reference in the final decree.  
Id.
  If the trial court finds that the terms of the written agreement in a divorce are not just and right, the trial court may request that the spouses submit a revised agreement or set the case for a contested hearing. 
 
Id.
 § 7.006(c).  

Here, both parties submitted a proposed property settlement, but neither agreed to the other’s proposal.  Regardless, the trial court still treated the proposed property settlements as though they had been agreed upon.  Moreover, the trial court had appellee’s attorney draw up the divorce decree based upon the proposals, but did not conduct a hearing to prove up the divorce. 

Under section 7.006, the legislature contemplates that the trial court will conduct a contested hearing or trial in the absence of an agreed settlement.  
See id. 
§ 7.006(c).  In the present case, because the parties did not reach an agreement, the trial court erred by relying on proposals as a basis for granting the divorce and its property division.  There was no evidence to support the trial court’s property division in the absence of an agreed settlement or a hearing.  
See In re Marriage of Ames
, 860 S.W.2d 590, 593 (Tex. App.—Amarillo 1993, no writ).  

A trial judge is presumed to consider only the testimony and exhibits properly in evidence.  
Walton v. Canon, Short & Gaston, 
23 S.W.3d 143, 151-52 (Tex. App.—El Paso 2000, no pet.); 
WTFO, Inc. v. Braithwaite
, 899 S.W.2d 709, 721 (Tex. App.—Dallas 1995, no writ); 
City of Corpus Christi v. Krause
, 584 S.W.2d 325, 330 (Tex. Civ. App.—Corpus Christi 1979, no writ).  When reviewing the merits of the trial court's decision, we are limited to considering the material that was before the trial court at the time that it ruled.  
Methodist Hosps. v. Tall
, 972 S.W.2d 894, 898 (Tex. App.—Corpus Christi 1998, no pet.).  As a general rule, documents not admitted into evidence are not considered by an appellate court
.  See Reyes v. Reyes
, 946 S.W.2d 627, 630 (Tex. App.—Waco 1997, no writ); 
see also Davis v. Davis
, 521 S.W.2d 952, 954-55 (Tex. Civ. App.—Fort Worth 1975, no writ).  An inventory and appraisement that has not been admitted into evidence is more like a party’s pleading.  
See Tschirhart v. Tschirhart
, 876 S.W.2d 507, 508-09 (Tex. App.—Austin 1994, no writ).  A court may take judicial notice of its own files and the fact that a pleading has been filed in a case.  
Tex. R. Evid.
 201; 
Tschirhart, 
876 S.W.2d at 508.
  
“A court may not, however, take judicial notice of the truth of allegations in its records.”  
Tschirhart
, 876 S.W.2d at 508.  Thus, unless a party’s inventory and appraisal has been admitted into evidence, it may not be considered as evidence of a property’s characterization of value.  
Id
. at 508-09; 
but cf. Vannerson v. Vannerson
, 857 S.W.2d 659, 670-71 (Tex. App.—Houston [1
st
 Dist] 1993, writ denied) (holding that the trial court should consider a filed inventory that the trial court could have considered among the papers in its file).

Therefore, while we agree that a trial court may take judicial notice of the fact that a party’s inventory has been filed, we hold that unless a party’s inventory is admitted into evidence at trial, it cannot be relied upon as evidence.  Therefore, it was error for the trial court to rely solely on the parties’ inventories and settlement proposals in dividing the marital estate.

Because the trial court did not conduct a hearing to prove up the divorce or property division, the parties did not enter into a settlement agreement, and an inventory that has not been admitted into evidence is insufficient to support the characterization or value of the parties’ property, we hold that no evidence exists to support the trial court’s division of the community estate.  Accordingly, we sustain appellant’s third point.

Separate Property

In his fourth point, appellant complains that the trial court erred 
by failing to confirm and award appellant his separate property.
  
Under the family code there is a presumption that property possessed by either spouse at the dissolution of the marriage is presumed to be community property.  
Tex. Fam. Code Ann. 
§ 3.003(a) 
(Vernon 1998)
. 
 Only community property is subject to the trial court's just and right division.  
Boyd v. Boyd
,  67 S.W.3d 398, 406 (Tex. App.—Fort Worth 2002, no pet.); 
Osborn v. Osborn
, 961 S.W.2d 408, 413-14 (Tex. App.—Houston [1
st
 Dist.] 1997, pet. denied).  The trial court has no discretion to divest a spouse of his separate property.  
Boyd
, 67 S.W.3d at 406; 
Osborn
, 961 S.W.2d at 414;
 Cameron v. Cameron
, 641 S.W.2d 210, 220 (Tex. 1982);

The party who seeks to assert that property is his or her separate property must prove its separate character by clear and convincing evidence. 
Tex. Fam. Code Ann.
 
§ 3.003(b).  To overcome the statutory presumption of community property, the spouse must trace and clearly identify the property claimed as separate property. 
 In re Estate of Hanau v. Hanau
, 730 S.W.2d 663, 667 (Tex. 1987) (citing 
Tarver v. Tarver
, 394 S.W.2d 780, 783 (Tex. 1965)).  
If the trial court mischaracterizes separate property as community property, the error requires reversal because the subsequent division of the community estate divests the spouse of his or her separate property.  
McElwee v. McElwee
, 911 S.W.2d 182, 189 (Tex. App.—Houston [1
st
 Dist.] 1995, writ denied). 

Because we have concluded there is no evidence to support the trial court’s property division based solely on 
parties' inventories, we cannot say whether the trial court properly or improperly divested either party of their separate property.  Because the identification and confirmation of each spouses’ separate property will need to be addressed on remand of the community property division, we sustain appellant’s fourth point. 

Conclusion

Having sustained appellant’s third and fourth points, we reverse and remand the case for a new trial on property division.  The remainder of the trial court's judgment is affirmed.

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

DELIVERED:  April 1, 2004

FOOTNOTES
1:
Section 6.301 of the family code provides that 

[a] suit for divorce may not be maintained in this state unless at the time the suit is filed either the petitioner or the respondent has been:  (1) a domiciliary of this state for the preceding six-month period; and (2) a resident of the county in which the suit is filed for the preceding 90-day period.  

Tex. Fam. Code Ann.
 § 6.301.

2:
The reporter’s record of the hearing consists of only six pages of dialogue.

3:
The settlement proposals are not the same nor do they show an agreement between the parties.  
See 
Tex. Fam. Code Ann.
 § 7.006(a).