COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-328-CV
 
  
SAMMIE 
JOE TODD                                                               APPELLANT
  
V.
  
BILLIE 
EVELYN TODD                                                                APPELLEE
 
  
------------
 
FROM 
THE 235TH DISTRICT COURT OF COOKE COUNTY
 
------------
 
OPINION**
 
------------
        In 
three issues, Appellant Sammie Joe Todd appeals from a divorce and the related 
division of the community estate. The couple has no children. Because we hold 
that the trial court properly confirmed the separate property of Appellee Billie 
Evelyn Todd and did not abuse its discretion in dividing the community estate, 
we affirm the trial court’s judgment.
        In 
his first two issues, Appellant contends that the trial court erred in 
confirming the “home and acreage located in Gainesville, Cooke County, Texas, 
together with all improvements thereon, further described as follows: 137 acres 
of land in Cooke County, Texas, out of the Thomas Hardeway Survey, Abstract No. 
464,” (“the farm”) as Appellee’s separate property because (1) no 
evidence supports its characterization as separate property and (2) insufficient 
evidence was introduced at trial to overcome the community presumption.
        “Property 
possessed by either spouse during or on dissolution of marriage is presumed to 
be community property.”[1]  This presumption 
can be rebutted by clear and convincing evidence.[2]  
Clear and convincing evidence is defined as that “measure or degree of proof 
that will produce in the mind of the trier of fact a firm belief or conviction 
as to the truth of the allegations sought to be established.”[3]
        Appellee 
testified that she lived on road 2117, 550, had a farm out there, and owned the 
farm before the marriage. Appellant testified that “[w]hen I came there, there 
was no tractor there.” He also testified,
  
When I went there, and here’s the witness, this lady [Appellant’s sister] 
knew the woman before I did, and she has been in this woman’s house 
before I was ever there.
 
When 
I went into her house, we walked up three concrete steps to get in the house, 
and just as you got in the house, there was a hall light hanging by one wire. It 
was floating in the air there, and her whole house looked like that, that 
represented her whole house.
 
. 
. . .
 
When 
I went there, there was two iron gates on that ranch. Today there is seven 
iron gates on that ranch. [emphasis added]
 
 
Appellant 
also referred to the house as “her” house several times and made a point of 
saying, “That house had suffered a fire years ago, and in other words it 
needed everything you could think of, that house needed, and that woman didn’t 
— it needed a man with some horsepower and some money and that is what I did . 
. . .”
        Appellant 
appears to argue that because Appellee did not refer to the legal description of 
her farm or offer into evidence some document, such as a deed, showing her 
separate ownership of the farm, she failed to defeat the community presumption. 
Appellee testified that she lived on road 2117, 550 and that she had a farm out 
there. No evidence was admitted at trial concerning any other farm or ranch. We 
conclude that under these facts, Appellee sufficiently described the location of 
the farm to identify it.[4]  Additionally, all 
the evidence at trial points to the conclusion that the farm belonged to 
Appellee before the marriage. In fact, at trial, Appellant never claimed the 
farm was community property; he spoke of the farm and the house on it as 
“hers.” No evidence controverts this conclusion. We therefore hold that 
Appellee defeated the community presumption by clear and convincing evidence.[5]   Consequently, the trial court did not abuse 
its discretion by confirming the farm as Appellee’s separate property.[6]  We overrule Appellant’s first two issues.
        In 
his third issue, Appellant contends that the trial court abused its discretion 
in disproportionately dividing the community estate in a manner that was 
manifestly unfair. A trial court is charged with dividing the community estate 
in a “just and right” manner, considering the rights of both parties.[7]  If there is any reasonable basis for doing so, we 
must presume that the trial court exercised its discretion properly.[8]  We will not disturb the trial court’s division 
unless the record demonstrates “that the division was clearly the result of an 
abuse of discretion.”[9]  That is, we will not 
reverse the case unless the record clearly shows that the trial court was acting 
arbitrarily or unreasonably.[10]  The 
complaining party has the burden of proving from the record that the division 
was so unjust that the trial court abused its discretion.[11] 
The values of individual items “are evidentiary to the ultimate issue of 
whether the trial court divided the properties in a just and right manner.”[12]
        The 
trial court awarded Appellant all property in his possession or subject to his 
sole control. In the affidavit attached to his motion for new trial, he states 
that that property
  
consisted of [his] clothes and a 1997 pickup truck that is worth less than 
$5,000. In addition, [he] kept a 1984 Ford automobile that is worth less than 
$1,000, and a shotgun[,] all of which [he] owned prior to marriage. [He] also 
had two cases of oil, one bed spread, two pillows, one headboard, a mattress, a 
chain saw[,] and weedeater.

The 
record contains no evidence concerning the value of the community assets awarded 
to Appellee. Consequently, we cannot say that Appellant has met his burden of 
proving that the division was so unjust that the trial court abused its 
discretion. We overrule Appellant’s third issue.
        Having 
overruled Appellant’s three issues, we affirm the trial court’s judgment.
   
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
 
  
 
PANEL 
A:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.
 
LIVINGSTON, 
J. filed a dissenting opinion.
 
DELIVERED: 
July 28, 2005



COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT 
WORTH
 
NO. 2-04-328-CV
 
 
SAMMIE 
JOE TODD                                                               APPELLANT
 
V.
 
BILLIE 
EVELYN TODD                                                                APPELLEE
 
  
------------
 
FROM 
THE 235TH DISTRICT COURT OF COOKE COUNTY
 
------------
 
DISSENTING OPINION
 
------------
        I 
respectfully dissent to the majority opinion because I cannot agree with the 
characterization of the property in this marital estate by the trial court and 
affirmed by the majority opinion in this court. In this divorce proceeding, both 
parties asked the trial court to divide the marital estate and additionally to 
confirm to each of them their alleged separate property.[1]  
Prior to the trial of this matter, appellant had been represented by two 
different attorneys. The second attorney was allowed to withdraw on April 1, 
2004 with the case set for trial on May 17, 2004. No discovery took place, and 
although there are indications that the parties might have provided each other 
with their claimed inventories, no inventory is contained within the clerk’s 
record.
        At 
trial, appellee appeared with counsel, but appellant appeared pro se. Only three 
witnesses testified at trial: appellee, appellant, and appellant’s sister. 
Appellee submitted an exhibit that listed the items she was claiming or asking 
the court to award to her. Ultimately, appellee was awarded all of the property 
in her possession, and appellant was awarded all of the property in his 
possession. Appellee was not awarded reimbursement for any of appellant’s 
withdrawals from appellee’s claimed separate account. Both parties testified 
that they expended community and separate property funds improving the residence 
located on the 137-acre tract that was also awarded to appellee. While the final 
decree granted neither party any type of reimbursement from one to the other, 
the court did award all of the personal property and realty requested by 
appellee to her. The trial court awarded the largest asset—the 137-acre tract 
located in Cooke County, Texas—to appellee and confirmed it as her separate 
property.
        Under 
the Texas Family Code, there is a presumption that property possessed by either 
spouse at the dissolution of the marriage is presumed to be community property. Tex. Fam. Code Ann. § 3.003(a) (Vernon 
2004); Barnard v. Barnard, 133 S.W.3d 782, 789 (Tex. App.—Fort Worth 
2004, pet. denied). At divorce, only the community property is subject to a just 
and right division. Barnard, 133 S.W.3d at 789; Boyd v. Boyd, 67 
S.W.3d 398, 406 (Tex. App.—Fort Worth 2002, no pet.).
        Moreover, 
we know that the party who seeks to assert the separate character of property 
must prove that character by clear and convincing evidence. Tex. Fam. Code Ann. § 3.003(b); Barnard, 
133 S.W.3d at 789-90. “To overcome the statutory presumption of community 
property[,] the spouse must trace and clearly identify the property claimed as 
separate property.” Barnard, 133 S.W.3d at 789-90. When the burden of 
proof at trial is clear and convincing evidence, on appeal we apply higher 
standards of legal and factual sufficiency review. In re J.F.C., 96 
S.W.3d 256, 265-66 (Tex. 2002); In re C.H., 89 S.W.3d 17, 25-26 (Tex. 
2002); Irvin v. Parker, 139 S.W.3d 703, 707-09 (Tex. App.—Fort Worth 
2004, no pet); Boyd v. Boyd, 131 S.W.3d 605, 611 (Tex. App.—Fort Worth 
2004, no pet.).
        The 
evidence in the case amounts to virtually nothing. Appellee testified that she 
wanted $67,000 returned to her out of funds that she claims appellant expended 
out of her separate account. She admits she bought a tractor. But appellee 
called no other witnesses to the stand and submitted no proof of any claims for 
reimbursement and no evidence supporting her claim that she owned the 137-acre 
tract prior to marriage. Appellant testified that they both deposited their 
pension checks into the account referred to by appellee. Appellant deposited 
$1,850 per month, and appellee deposited $1,150 per month. He testified 
“that’s what we lived on . . . what we bought and fixed the house with, and 
all the other repairs that we ran on.” He also testified that he used proceeds 
from the sale of a home he previously owned in Fort Worth to buy the tractor and 
a $2,000 stove.
        As 
mentioned above, the parties undertook no discovery and included no inventories 
in this appellate record. Appellee did not offer any deeds into evidence or 
testify to their existence or to the property’s legal description. She never 
even testified to the date when the 137-acre tract was acquired or offered any 
testimony about how it was acquired. In light of the higher burden of proof at 
trial—clear and convincing—and the higher standard of review on appeal, I 
can find no basis for supporting the characterization of the real property as 
appellee’s separate property. “To overcome the statutory presumption of 
community property, the spouse must trace and clearly identify the property 
claimed as separate property.” Barnard, 133 S.W.3d at 789-90. Because 
this was not done, I believe the 137-acre tract should have been classified as 
community property. I would therefore remand this case to the trial court for 
another hearing regarding the division of the parties’ property.
   
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
 
 
DELIVERED: 
July 28, 2005


 
NOTES
**Majority Opinion by Justice Dauphinot; Dissenting Opinion by 
Justice Livingston
        MAJORITY OPINION NOTES:
1. 
Tex. Fam. Code Ann. § 3.003(a) 
(Vernon 2004).
2. 
Id. § 3.003(b).
3. 
Id. § 101.007 (Vernon 2002); Transp. Ins. Co. v. Moriel, 879 
S.W.2d 10, 31 (Tex. 1994).
4. 
See Am. Fin. and Inv. Co. v. Herrera, 20 S.W.3d 829, 832-33 (Tex. 
App.—El Paso 2000, no pet.); Davis v. Davis, 647 S.W.2d 781, 784 (Tex. 
App.—Austin 1983, no writ) (“Had the written decree simply described the 
property by its street address, it would clearly have been appropriate for the 
trial court to subsequently amend the decree to include a metes and bounds 
description of the property.”); Mizell v. Mizell, 624 S.W.2d 782, 
784-85 (Tex. App.—Fort Worth1981, no writ).
5. 
See In re Marriage of Case, 28 S.W.3d 154, 159-60 (Tex. App.—Texarkana 
2000, no pet.); see also Mackey v. Lucey Prods. Corp., 150 Tex. 188, 239 
S.W.2d 607, 608 (Tex. 1951) (“The law does not require the doing of a vain and 
useless thing, and by our opinions and judgments we will not so require.”).
6. 
Appellant made no claim for economic contribution at trial. See Tex. Fam. Code Ann. § 3.403.
7. 
Tex. Fam. Code Ann. § 7.001 
(Vernon 1998).
8. 
Pletcher v. Goetz, 9 S.W.3d 442, 446 (Tex. App.—Fort Worth 1999, pet. 
denied) (op. on reh'g).
9. 
Id.
10. 
See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 
(Tex. 1985), cert. denied, 476 U.S. 1159 (1986).
11. 
Pletcher, 9 S.W.3d at 446.
12. 
Finch v. Finch, 825 S.W.2d 218, 221 (Tex. App.—Houston [1st Dist.] 
1992, no writ); see Wallace v. Wallace, 623 S.W.2d 723, 725 (Tex. Civ. 
App.—Houston [1st Dist.] 1981, writ dism’d).
 
        DISSENTING OPINION NOTES:
1. 
Both parties’ petitions asked the court to divide their marital estates and to 
confirm their separate property. Additionally, appellant’s motion for new 
trial specifically challenged the trial court’s characterization of the farm.