COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-259-CV

 

TRACY ALLEN BARNETT                                                      APPELLANT

 

 

                                                   V.

 

 

ROBYN DALE BARNETT                                                          APPELLEE

 

 

                                              ------------

 

              FROM
THE 271ST DISTRICT COURT OF WISE COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                       I.  Introduction








The trial court signed a
final decree of divorce dissolving the marriage between appellant Tracy Allen
Barnett and appellee Robyn Dale Barnett. 
In three issues, Tracy complains that the trial court abused its
discretion by awarding Robyn attorney=s fees and temporary spousal support and by denying his motion for new
trial.  We affirm.

II.  Factual and Procedural Background

Tracy and Robyn were married
in 1991 and have two children.  Robyn
filed for divorce in January 2002, and Tracy filed his counterpetition for
divorce shortly thereafter.  Both Tracy
and Robyn alleged that the marriage had become insupportable.

On August 5, 2002, the trial
court entered temporary orders naming Tracy and Robyn joint managing
conservators of the children, instructing Tracy to pay Robyn temporary spousal
support payments of $1,500 per month for three months, and ordering that Tracy
be responsible for all of the expenses of Charlie=s Transmissions, their business. 
On August 19, 2003, the trial court issued additional temporary orders
instructing Tracy to pay Robyn temporary spousal support in the amount of
$3,000 per month.








On July 12, 2004, the trial
court signed a final decree of divorce that, among other things, dissolved the
marriage, confirmed Tracy=s and Robyn=s separate property, and appointed a receiver to manage, control, and
dispose of certain property.  The final
decree provides that the proceeds from the sale of the property are to be
divided equally between Tracy and Robyn after a spousal support arrearage
distribution in the amount of $18,600 is paid by two checksCone payable for $7,500 to Robyn=s attorney and the other payable for $11,100 directly to Robyn.  Tracy filed a motion for new trial
complaining of numerous errors contained in the divorce decree.  The record does not indicate that the trial
court took any action on Tracy=s motion for new trial; it was therefore overruled by operation of
law.  See Tex. R. Civ. P. 329b(c), (e); Clark & Co. v. Giles,
639 S.W.2d 449, 449-50 (Tex. 1982) (orig. proceeding); see also Tex. R. App. P. 33.1(b).  Further. Tracy did not request that the trial
court enter findings of fact and conclusions of law.

At the time the appeal was
submitted to this court, Tracy was a Chapter 13 debtor in the United States
Bankruptcy Court for the Northern District of Texas.  As such, approval from the bankruptcy court
was required to enter the divorce decree, which it gave by a signed order on
July 8, 2004.

III.  Attorney=s Fees








In his first issue, Tracy
argues that the trial court abused its discretion by awarding $7,500 in
attorney=s fees to Robyn=s counsel
because the fees were not litigated in the divorce action and because the
evidence is insufficient to support the award. 
We disagree.  The order clearly
indicates that the trial court instructed the receiver to make a Aspousal support@
distribution in the amount of $18,600. 
And the order provides that the distribution is payable by two checksCone for $7,500 to Robyn=s trial counsel and one for $11,100 to Robyn.  The $7,500 payable to Robyn=s trial counsel is not an award of attorney=s fees but is instead a distribution that, apparently, accounts for
past due temporary spousal support owed to Robyn; the trial court=s instruction that the spousal support be payable in two checks with
one made out to Robyn=s attorney
does not automatically alter the character of the proceeds from spousal support
to attorney=s fees.  Robyn does not assert any argument
complaining of the trial court=s ordered distribution, and we need not address Tracy=s notice argument because it hinges on the conclusion that a portion
of the $18,600 distribution is attorney=s fees.  Accordingly, we
overrule Tracy=s first
issue.

IV.  Temporary Spousal Support

In his second issue, Tracy
argues that the trial court abused its discretion by awarding Robyn temporary
spousal support because she possesses marketable job skills, she was working as
a bookkeeper, and she had the ability to support herself.








A trial court possess the
discretion to make a temporary order for spousal support during the pendency of
a divorce.  Zorilla v. Wahid, 83
S.W.3d 247, 255 (Tex. App.CCorpus Christi 2002, no pet.). 
The trial court=s support
award will not be disturbed absent an abuse of discretion.  Id. 
Nonetheless, a record sufficient to determine whether an abuse of
discretion has occurred must be provided to the appellate court.  Garduno v. Garduno, 760 S.W.2d 735,
742 (Tex. App.CCorpus
Christi 1988, no writ).








Here, the clerk=s record indicates that Robyn requested temporary spousal support in
her original petition for divorce.  The
trial court held a hearing on February 20, 2002 and subsequently signed a
temporary order instructing Tracy to pay temporary spousal support in the
amount of $1,500 per month for three months. 
As discussed above in the final decree, the trial court ordered the
receiver to make a spousal support distribution in the amount of $18,600.  After reviewing the record, however, we are
unable to locate where the trial court considered the evidence in support of
its decision to award Robyn temporary spousal support.  A portion of the record from the hearing on
February 20, 2002 merely states, ATemporary alimony, with the last payment being May 1st is set at
$1,500 a month.  What else?@  Tracy cites portions of Robyn=s testimony contained in volume three of the reporter=s record (the hearing on the final divorce) to support his argument,
but this evidence does not support the trial court=s initial award of temporary spousal support or the trial court=s decision to increase the support to $3,000 per month on August 19,
2003.  Moreover, as Robyn points out, the
record indicates that Tracy=s counsel voluntarily withdrew all of the exhibits, some of which
included summaries of testimony.[2]  Because the record does not contain any
testimony, exhibits, affidavits, or other evidence demonstrating the basis for
the trial court=s initial
decisions to award Robyn temporary spousal support, Tracy is unable to show
that the trial court abused its discretion by awarding Robyn temporary spousal
support.  See id. Accordingly, we
overrule Tracy=s second
issue.

V.  Motion for New Trial

In his third and final issue,
Tracy argues that the trial court abused its discretion by denying his motion
for new trial.  He urges the following
grounds in support of his argument:  








(1)
Tracy=s
attorney did not have notice of the final decree of divorce; (2) the domicile
of the children was different in the final decree as was ordered during the
trial; (3) the decree states that the business debts were to be borne solely by
one party, even though the debts are clearly community debts; (4) the decree
orders Tracy to surrender his separate property; (5) the decree orders Tracy to
vacate the marital home, but during trial the trial court indicated that it
possibly would be beneficial for the estate to have Tracy remain in the home,
therefore the order is not clear; (6) the decree should reflect that Tracy may
return cars in possession of the marital business to their respective owners;
and (7) the decree awards all property not disclosed in inventories to the
other party, however the trial court made no such ruling.

 

Robyn maintains that the record does not support
Tracy=s contentions.

We review the trial court=s decision granting or denying a motion for new trial for an abuse of
discretion.  Ricks v. Ricks, 169
S.W.3d 523, 526 (Tex. App.CDallas 2005, no pet.).  When a
motion for new trial is overruled by operation of law, the question becomes
whether the trial court abused its discretion by allowing the motion to be
overruled.  Limestone Const., Inc. v.
Summit Commercial Indus. Props., Inc., 143 S.W.3d 538, 542 (Tex. App.CAustin 2004, no pet.).  A trial
court abuses its discretion when it acts without reference to any guiding rules
and principles or in an arbitrary and unreasonable manner.  Cire v. Cummings, 134 S.W.3d 835,
838-39 (Tex. 2004).  Merely because a
trial court may decide a matter within its discretion in a different manner
than an appellate court would in a similar circumstance does not demonstrate that
an abuse of discretion has occurred.  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert.
denied, 476 U.S. 1159 (1986).

 








A.  Ground OneCNotice

In his first ground, Tracy
argues that he was denied due process because the final decree of divorce was
signed without his attorney=s notice.  Tracy cites to his
motion for new trial instead of the reporter=s record as support for this contention.  Tracy did not include an affidavit with his
motion for new trial, and there is no evidence that Tracy requested a hearing
by which to develop this argument. 
Consequently, our review of the record indicates that there is no
evidence to support his lack of notice argument.  See Tex.
R. App. P. 38.1(h).  The trial
court did not abuse its discretion by allowing Tracy=s motion for new trial to be overruled on this ground.

B.  Ground TwoCChildren=s Domicile








In his second ground, Tracy
argues that the decree should be reformed to reflect that the domicile of the
children be AWise County
and its contiguous counties@ instead of AWise County
or any adjacent county to Wise County, Dallas County, and Collin County.@  He contends that the parties
stipulated at trial that the domicile would be Wise County and its contiguous
counties.  The record reflects that the
parties may have had an agreement regarding the children=s domicile at the time of the trial, but the record is not clear, and
no other evidence of an agreement is contained in the record.  The trial court did not indicate that it was
ordering the children=s domicile
to be Wise County and its contiguous counties; it merely responded, AWise and contiguous counties?@ The trial court also did not indicate anywhere else in the record
that the children=s domicile
would be limited as Tracy argues, including in its oral order on the day of the
final trial.  Accordingly, the fact that
the order includes Dallas and Collin counties does not indicate that the trial
court acted arbitrarily or unreasonably when determining the children=s domicile.  See Cummings,
134 S.W.3d at 838-39.  The trial court
did not abuse its discretion by allowing Tracy=s motion for new trial to be overruled on this ground.

C.  Ground ThreeCBusiness Debt








In his third ground, Tracy
argues that the portion of the decree ordering that he be responsible for all
debts incurred in the name of Charlie=s Transmissions from January 1, 2002 onward is fundamentally unfair
because it requires him to pay 100% of the community debt.  Initially, we note that it is well understood
that community debts and liabilities are part of the community estate which
must be considered in making a just and right division of the community
property and that the trial court may order an unequal division of the marital
estate when a reasonable basis exists for doing so.  Walter v. Walter, 127 S.W.3d 396, 399
(Tex. App.CDallas 2004,
no pet.); Walston v. Walston, 971 S.W.2d 687, 693-94 (Tex. App.CWaco 1998, pet. denied). 
Therefore, facially, Tracy=s argument is unpersuasive. 
Based on the record before us, we are unable to determine the monetary
allocation of the assets and debts awarded to the parties because all exhibits
presumably establishing those figures were previously withdrawn.  The remaining portions of the record are of no
help either.  Accordingly, we conclude
the trial court did not abuse its discretion by allowing Tracy=s motion for new trial to be overruled on this ground. 

D.  Ground FourCSeparate Property

In his fourth ground, Tracy
argues that the trial court=s order divests him of two separate property items:  the 1989 Supra Boat and his AModern Woodmans@ life
insurance policy. 








A trial court has broad
discretion in dividing the marital estate, and we presume that the trial court
exercised its discretion properly.  Murff
v. Murff, 615 S.W.2d 696, 698-99 (Tex. 1981).  It is well established that property
possessed by either spouse at the dissolution of the marriage is presumed to be
community property, and a party who seeks to assert the separate character of
property must prove its separate character by clear and convincing
evidence.  Tex. Fam. Code Ann. ' 3.003 (Vernon 1998).  To
overcome the community property presumption, the spouse must trace and clearly
identify the property claimed as separate property.  Barnard v. Barnard, 133 S.W.3d 782,
789-90 (Tex. App.CFort Worth
2004, pet. denied).  Tracing involves
establishing the separate origin of the property through evidence showing the
time and means by which the spouse originally obtained possession of the
property.  Boyd v. Boyd, 131
S.W.3d 605, 612 (Tex. App.CFort Worth 2004, no pet.).

Tracy contends that he
established the separate property character of the boat at trial.  He testified that the boat was his separate
property, and, according to the reporter=s record, he produced the boat=s title at trial.  Robyn,
however, testified and requested that the trial court award her the boat,
indicating that the boat was community property.  As discussed above, Tracy voluntarily
withdrew all of the exhibits, including those presumably containing the title
to the boat.  Thus, the only evidence
before us regarding the boat=s marital property characterization consists of the competing
testimony of Tracy and Robyn. 
Considering only the evidence in the record on appeal, it is apparent
that Tracy failed to clearly establish the separate property character of the
boat and thus failed to overcome the community property presumption.  See Tex.
Fam. Code Ann. ' 3.003(b); Barnard,
133 S.W.3d at 789-90.








Regarding the life insurance
policy, Tracy argues that Robyn admitted in her inventory and appraisement that
the policy was his separate property.  On
the contrary, assuming that Robyn=s inventory and appraisement was admitted into evidence during trial,
it does not indicate the separate property character of the policy.  A AWhole Life@ policy is
listed under the heading AInsurance,@ and the policy is not listed as Tracy=s separate property in the original inventory or the amended inventory
and appraisement.  Robyn testified that
she wanted the trial court to take the life insurance policy into consideration
when dividing the community estate, and Tracy did not testify that the life
insurance policy was his separate property.[3]  Tracy points us to no other evidence in the
record that establishes the separate property character of the life insurance
policy.  Thus, Tracy did not establish by
clear and convincing evidence that the AModern Woodmans@ life insurance
policy was his separate property.  See
Tex. Fam. Code Ann. ' 3.003(b); Barnard, 133 S.W.3d at 789-90.  Accordingly, we hold that the trial court did
not abuse its discretion by allowing Tracy=s motion for new trial to be overruled on this ground.

E.  Ground FiveCMarital Home








In his fifth ground, Tracy
argues that the portion of the decree that orders him to vacate the marital
home is unclear and should be reformed because Athe trial court indicated that it possibly would be beneficial for the
estate to have Tracy remain in the home.@  Indeed, during the final
divorce hearing, the trial court suggested that it might be beneficial for one
of the parties to live in the house because Ait=s awfully
hard to sell a house that=s empty.@  However, the trial court also
indicated that it might not be a good idea for one party to remain in the house
because of the possibility that this individual could discourage sales Abecause they=re in a
better position living there than they=re going to be when it=s sold.@  The trial court then suggested that Tracy be
ordered out of the house by June 1, 2004. 
Consistent with this exchange, the decree orders Tracy to vacate the
property on or before June 1, 2004.  The
trial court=s reasoning
underlying its order that Tracy vacate the home is thus apparent from the
record, and Tracy points us to no other evidence indicating how the this
particular order constitutes an abuse of discretion.  Accordingly, we hold that the trial court did
not abuse its discretion by allowing Tracy=s motion for new trial to be overruled on this ground.

F.  Ground SixCCustomer Vehicles








In his sixth ground, Tracy
argues that the marital business is in possession of various vehicles owned by
customers of the business and that the decree should reflect that Tracy may
return the vehicles to them.  Robyn
testified that the business is in possession of sixty Ajunk cars@ that, if
crushed and salvaged, are worth $1,000 per vehicle.  The record, however, does not indicate that
the vehicles are owned by their customers. 
Moreover, the record does not identify each (or any) of the
vehicles.  While questioning Robyn, her
attorney referenced the vehicles on a summary of testimony, but as discussed
above, Tracy withdrew all of the exhibits. 
Thus, we are unable to identify these alleged customer vehicles from the
record.  Accordingly, the record before
us does not demonstrate that the trial court abused its discretion by allowing
Tracy=s motion for new trial to be overruled on this ground.    

G.  Ground SevenCUndisclosed Property

In his seventh ground, Tracy
argues that we should remand this case to the trial court in order for it to
clarify the portion of the decree that awards all property not disclosed in the
inventories to the other party.  Tracy
reasons that a remand would be appropriate because the trial court Amade no such ruling in it oral orders.@  This argument is
unpersuasive.  AA judge=s oral
announcement is often necessarily tentative@ and may not cover every detail contained in the final decree.  Cook v. Cook, 888 S.W.2d 130, 131-32
(Tex. App.CCorpus
Christi 1994, no writ).  The trial court
did not abuse its discretion by allowing Tracy=s motion for new trial to be overruled on this ground.  We overrule Tracy=s third issue.

 

 

 

 








VI.  Conclusion

Having overruled all three of
Tracy=s issues, we affirm the trial court=s judgment.

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.

 

DAUPHINOT,
J. concurs without opinion

 

DELIVERED:
December 1, 2005











[1]See Tex. R. App. P. 47.4.





[2]The
following exchange took place at the close of the hearing on the final divorce:

 

[TRACY=S
COUNSEL]: Judge, may we withdraw all the exhibits, because there are some
original car titles in there?

 

[ROBYN=S
COUNSEL]: No objection.

 

THE
COURT: That=s
fine with the Court.  The Court Reporter
will not be responsible for the exhibits.

 





[3]Even
if Tracy had testified that the life insurance policy was his separate
property, mere testimony that property was purchased with separate funds,
without any tracing of the funds, is generally insufficient to rebut the
community presumption.  See Boyd,
131 S.W.3d at 612.