COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-369-CV

MICHAEL ROGER WICHMAN APPELLANT

V.

CATHY ANN WICHMAN APPELLEE

------------

FROM THE 231ST
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Michael Roger Wichman appeals from the trial court’s postanswer default judgment in this divorce case involving children.  In two issues, Michael contends that the trial court failed to properly and timely notify him of the trial setting, violating his rights of due process, and that the trial court abused its discretion in dividing the community estate.  Because we hold that the trial court properly notified Michael of the trial setting but abused its discretion in dividing the community estate, we affirm the trial court’s judgment in part, reverse it in part, and remand this case for a new trial on the division of the community estate.

In his first issue, Michael contends that the trial court failed to properly and timely notify him of the trial setting, pursuant to rule of civil procedure 245, violating his due process rights.  Rule 245 provides, 

The Court may set contested cases on written request of any party, or on the court’s own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties;  provided, however, that when a case previously has been set for trial, the Court may reset said contested case to a later date on any reasonable notice to the parties or by agreement of the parties. . . .

A request for trial setting constitutes a representation that the requesting party reasonably and in good faith expects to be ready for trial by the date requested, but no additional representation concerning the completion of pretrial proceedings or of current readiness for trial shall be required in order to obtain a trial setting in a contested case.
(footnote: 2)
 

Tarrant County Local Rule 3.03(b) provides,

As soon as practical before the trial date, parties will be notified by the Court to report for trial during the trial week and parties need not appear until called. However, all parties and their attorneys are expected to be available for trial upon short notice during the week that the case has been set for trial. Any case not reached during the week that it is set for trial will be reset by the Court after consultation with the parties.
(footnote: 3)

Local Rule 4.03 provides,

(1) Final Trial.   Cases will be set for final trial upon written request using the procedure and form as may be required by the specific Court.  Each Court’s procedure and setting request form shall be obtained from the Court’s coordinator.
(footnote: 4) 

The record shows that Michael received a trial setting request on August 15, 2006 for the week of October 8, more than forty-five days before trial.  The record also shows that the court coordinator called him on Thursday, October 5, 2006, to alert him that his case would be tried on Monday, October 9, 2006.  Additionally, the record shows that Appellee Cathy Wichman’s attorney responded to Michael’s email query regarding the setting by stating that she would be asking for the trial to proceed on Monday and, “I cannot tell you what to do.  All I can say is that when a District Judge calls you for a final trial, you should show up.  I will be there.”  Michael replied, “Not a chance.” 

Contrary to Michael’s unsupported assertions, a request for a trial setting provides sufficient notice of the trial setting.
(footnote: 5)  While Michael attempts to excuse his alleged misunderstanding of the family court’s procedure and his willful failure to attend trial by relying on his pro se status, the Supreme Court of Texas has held that “[l]itigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel.”
(footnote: 6)  We hold that the notice in this case was proper under rule of civil procedure 245.
(footnote: 7)
 Michael insists in his brief and reply brief that a 
Craddock
(footnote: 8) analysis is unnecessary in this case, but he also argues in his reply brief that his failure to appear at trial was not the result of conscious indifference.  Based on the evidence relied on above—the trial setting request, the exchanged emails, and the telephone call from the court coordinator—we hold that in the interest of justice that Michael has not met his burden to prove that his failure to appear was not intentional or the result of conscious indifference but was due to a mistake or accident.
(footnote: 9)  We overrule Michael’s first issue.

In his second issue, Michael contends that the trial court abused its discretion in dividing the community estate because the division was based on insufficient evidence.  Specifically, Michael contends that the balance sheet offered by Cathy at trial was not admitted into evidence, that there is no other evidence of the value of the property, that there is no evidence regarding tax liability, and that the evidence does not support a disproportionate division of the community estate.

A trial court is charged with dividing the community estate in a “just and right” manner, considering the rights of both parties.
(footnote: 10)  If there is any reasonable basis for doing so, we must presume that the trial court exercised its discretion properly.
(footnote: 11)  We will not disturb the trial court’s division unless the record demonstrates “that the division was clearly the result of an abuse of discretion.”
(footnote: 12)  That is, we will not reverse the case unless the record clearly shows that the trial court was acting arbitrarily or unreasonably.
(footnote: 13)  The complaining party has the burden of proving from the record that the division was so unjust that the trial court abused its discretion.
(footnote: 14)  The values of individual items “are evidentiary to the ultimate issue of whether the trial court divided the properties in a just and right manner.”
(footnote: 15)
 Cathy’s lawyer offered Petitioner’s Exhibit Number 1, the balance sheet, into evidence, explaining that “it’s just an outline of his [sic] community estate.”  Cathy testified that the document listed the community assets and community debts and that the division was more than fair.  In response to the trial court’s questions, she testified that she believed that the values listed for the assets were the assets’ reasonable market values and that the community estate had a negative value.  The trial court did not admit the balance sheet into evidence, but it is clear from the record that both the trial court and Cathy considered the balance sheet. 

The record contains no explanation of how Cathy arrived at the values in the balance sheet, and there is no evidence in the record about the value of the community estate as a whole or the individual values of the assets and liabilities therein.  There is no evidence of fault, and no evidence of tax liability, if any.

A trial court is presumed to consider only the testimony and exhibits properly in evidence.
(footnote: 16) The Supreme Court of Texas has held that an administrative record relied on as evidence by the trial court and both parties is constructively admitted as evidence,
(footnote: 17) and it has noted that “[a]ppellate courts have repeatedly held that evidence that is not objected to and that the trial court and the parties treat as admitted is, for all practical purposes, admitted.”
(footnote: 18)  But because this case is a default judgment, both parties did not rely on the balance sheet as evidence.  We are unwilling to expand the exception to the general rule to cover a document not admitted into evidence when the opposing party is not present to challenge it.

Additionally, we have held that

[w]hen reviewing the merits of the trial court’s decision, we are limited to considering the material that was before the trial court at the time that it ruled.  As a general rule, documents not admitted into evidence are not considered by an appellate court.  An inventory and appraisement that has not been admitted into evidence is more like a party’s pleading.  A court may take judicial notice of its own files and the fact that a pleading has been filed in a case.  A court may not, however, take judicial notice of the truth of allegations in its records.  Thus, unless a party’s inventory and appraisal has been admitted into evidence, it may not be considered as evidence of a property’s characterization of value.
(footnote: 19)
 In accord with our decision in 
Barnard
, we therefore hold that the balance sheet cannot be considered as evidence.  Because there is no evidence of the community estate’s value, we hold that the trial court abused its discretion in dividing the community estate.
(footnote: 20)  We sustain Michael’s second issue.

Having overruled Michael’s first issue and having sustained his second issue, we affirm the trial court’s judgment in part and reverse it in part.  We affirm the trial court’s judgment as to the divorce and all provisions related to the children.  But we reverse the trial court’s judgment as to the division of the community estate and remand this case for a new trial on the division of the community estate. 

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

WALKER, J. concurs without opinion.

DELIVERED:  February 14, 2008

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Tex. R. Civ. P.
 245.

3:
Tarrant County Loc. R.
 3.03(b).

4:
Tarrant County Loc. R. 
4.03(1).

5:
Mansfield State Bank v. Cohn
, 573 S.W.2d 181, 185 (Tex. 1978). 

6:
Id.
; 
see Pena v. McDowell
, 201 S.W.3d 665, 667 (Tex. 2006).

7:
See
 
Tex. R. Civ. P.
 245.

8:
Craddock v. Sunshine Bus Lines
,
 Inc.
, 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

9:
See In re R.R.
, 209 S.W.3d 112, 114 (Tex. 2006).

10:
Tex. Fam. Code Ann. 
§ 7.001 (Vernon 2006).

11:
Pletcher v. Goetz
, 9 S.W.3d 442, 446 (Tex. App.—Fort Worth 1999, pet. denied) (op. on reh’g).

12:
Id.

13:
See Downer v. Aquamarine Operators
,
 Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).

14:
Pletcher
, 9 S.W.3d at 446.

15:
Finch v. Finch
,
 
825 S.W.2d 218, 221 (Tex. App.—Houston [1st
 Dist.] 1992, no writ); 
see Wallace v. Wallace
, 623 S.W.2d 723, 725 (Tex. Civ. App.—Houston [1st Dist.] 1981, writ dism’d).

16:
Barnard v. Barnard
, 133 S.W.3d 782, 788 (Tex. App.—Fort Worth 2004, pet. denied).

17:
Sanchez v. Bexar County Sheriff's Dep’t
, 134 S.W.3d 202, 203 (Tex. 2004); 
Tex. Health Enters., Inc. v. Tex. Dep't of Human Servs.
, 949 S.W.2d 313, 314 (Tex. 1997).

18:
Tex. Health Enters., Inc.
, 949 S.W.2d at 314.

19:
Barnard
, 133 S.W.3d at 789 (citations omitted).

20:
See id.
 at 790.