# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-18-00715-CV

---

**Stacey R. Hammer, Appellant**

**v.**

**Richard Hammer, Appellee**

---

## FROM THE 419TH DISTRICT COURT OF TRAVIS COUNTY
## NO. D-1-FM-17-005035, THE HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Stacey Hammer appeals from the trial court's order requiring turnover and appointing a receiver. In two issues, she challenges the appointment of J. Patrick Sutton as the turnover receiver because he is "not neutral and disinterested." For the following reasons, we affirm the trial court's order.

## BACKGROUND

In the underlying case, Stacey filed a petition for bill of review to set aside the 2013 agreed final divorce decree between Stacey and Richard, the trial court entered an order dismissing her petition for bill of review and awarding attorney's fees and costs, and this Court affirmed the trial court's order in favor of Richard.[1]    *See Hammer v. Hammer*,

---

[1] Because the parties have the same last name, we refer to them by their first names.

No. 03-18-00028-CV, 2018 Tex. App. LEXIS 7574, at *3, *8–9, *20 (Tex. App.—Sept. 18, 2018, pet. denied) (mem. op.).

Shortly after this Court affirmed the trial court's order, Richard filed an application for post-judgment turnover and appointment of receiver with the trial court, requesting that the court appoint Sutton as the receiver. The next day, the trial court signed an ex parte order requiring turnover and appointing Sutton as the receiver. *See* Tex. Civ. Prac. & Rem. Code § 31.002(a), (b)(3) (entitling judgment creditor to aid from trial court to satisfy judgment and authorizing trial court to appoint receiver with authority to take possession of nonexempt property, sell it, and pay proceeds to judgment creditor to satisfy judgment). On that same day, Sutton signed an oath of turnover receiver, swearing that he was a qualified voter of the State of Texas, a registered voter, a Texas resident, and "not a party, attorney, or other person interested in the action for appointment of a receiver." *See id.* § 64.021(a) (stating that appointed receiver for property located in state must be citizen and qualified voter at time of appointment and not "a party, attorney, or other person interested in the action for appointment of a receiver").[2] This appeal followed.[3]

---

[2] Richard argues that the "traditional requirements" of section 64.021 of the Texas Civil Practice and Remedies Code are inapplicable to a post-judgment turnover procedure. *See* Tex. Civ. Prac. & Rem. Code §§ 31.002(b)(3), 64.021. Because it does not impact our analysis, we do not address whether section 64.021 applies to appointments of post-judgment turnover receivers. *See* Tex. R. App. P. 47.1.

[3] In January 2019, we abated this appeal pending the trial court's ruling on motions that were pending in the underlying case, *see Hammer v. Hammer*, No. 03-18-00715-CV, 2019 Tex. App. LEXIS 395, at *1–2 (Tex. App.—Jan. 24, 2019, abated) (per curiam) (mem. op.), and in March 2019, we granted the parties' joint motion to extend the abatement pending the Texas Supreme Court's final disposition of the appeal in the underlying case, *see Hammer v. Hammer*, No. 03-18-00715-CV, 2019 Tex. App. LEXIS 2256, at *1–2 (Tex. App.—Mar. 12, 2019, order) (per curiam). The parties notified this Court that the trial court abated the receivership in the underlying case pending the Texas Supreme Court's final disposition. *Id.*

**ANALYSIS**

In two issues, Stacey argues that the trial court erred by entering its order requiring turnover and appointing a receiver and that the trial court abused its discretion in appointing Sutton, but she does not challenge the trial court's authority to appoint a post-judgment turnover receiver to assist Richard in satisfying his judgment against her. *See id.* § 31.002. Stacey's issues complain about the trial court's appointment of Sutton as the turnover receiver "because he is not neutral and disinterested." She asks this Court to vacate the trial court's order appointing Sutton as the turnover receiver because "Sutton and Stacey have a long, acrimonious history from a prior, unrelated lawsuit in which Sutton served as turnover receiver to collect a judgment against Stacey." Because of this history and "ongoing grievances," Stacey argues that "Sutton simply cannot serve as a neutral, disinterested officer of the court in the underlying proceeding."

We review a trial court's decision on a turnover order to appoint a receiver under an abuse of discretion standard. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991); *Moyer v. Moyer*, 183 S.W.3d 48, 51 (Tex. App.—Austin 2005, no pet.). "A trial court may be reversed for abusing its discretion if we find that it acted in an unreasonable or arbitrary manner, without reference to any guiding rules and principles." *Moyer*, 183 S.W.3d at 52 (citing

---

In June 2019, the Texas Supreme Court denied Stacey's petition for review from the trial court's order dismissing her petition for bill of review in the underlying case, *see* 2019 Tex. App. LEXIS 595, and we reinstated this appeal in September 2020. Stacey filed a motion to vacate the order requiring turnover and appointing receiver on October 29, 2018, the same day that she filed her notice of appeal from the trial court's order requiring turnover and appointing receiver, and the motion appears to remain pending before the trial court. Stacey makes similar arguments in her motion to vacate as she does on appeal. We expressly do not consider the merit of Stacey's motion to vacate the order requiring turnover and appointing receiver that apparently remains pending with the trial court.

3

*Beaumont Bank*, 806 S.W.2d at 226). Our review is generally limited to the evidence that was before the trial court when it made the ruling. *See FinServ Cas. Corp. v. Transamerica Life Ins.*, 523 S.W.3d 129, 147 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (explaining that taking judicial notice of documents that trial court did not consider was not appropriate because "appellate courts generally cannot consider evidence not before the trial court when the court made the challenged ruling" (citing *Bowden v. Phillips Petroleum Co.*, 247 S.W.3d 690, 707 (Tex. 2008); *University of Tex. v. Morris*, 344 S.W.2d 426, 429 (Tex. 1961))); *Barnard v. Barnard*, 133 S.W.3d 782, 789 (Tex. App.—Fort Worth 2004, pet. denied) ("When reviewing the merits of the trial court's decision, [appellate courts generally] are limited to considering the material that was before the trial court at the time that it ruled.").

As support for her position that the trial court erred and abused its discretion by appointing Sutton as the receiver in the underlying case because he was not disinterested, Stacey relies entirely on alleged facts, pleadings, and orders from unrelated litigation that she included in her appendix to her appellant's brief.[4] These facts and documents, however, were not before

---

[4] Stacey recites facts "previously summarized by this Court" in appeals from trial court cause number D-1-GN-15-000557 and an original proceeding. *See Hammer v. University Fed. Credit Union*, Nos. 03-16-00262-CV & 03-16-00264-CV, 2017 Tex. App. LEXIS 2676, at *1–3 (Tex. App.—Austin Mar. 30, 2017, no pet.) (mem. op.); *Hammer v. Morgan*, No. 03-18-00042-CV, 2018 Tex. App. LEXIS 5248, at *1–8 (Tex. App.—Austin July 12, 2018, no pet.) (mem. op.); *In re Raggio—2204 Jesse Owens, LLC*, No. 03-18-00213-CV, 2018 Tex. App. LEXIS 5252, at *1–3 (Tex. App.—Austin July 12, 2018 orig. proceeding) (mem. op.).

Stacey's appendix to her appellant's brief included the following documents from trial court cause number D-1-GN-15-000557: (i) an amended application for compensation that Sutton purportedly filed in July 2018, (ii) her August 2018 response in opposition to his application for compensation, (iii) an October 2018 letter from the trial court to the parties, and (iv) a December 2018 order vacating prior orders based on this Court's opinion. Stacey's appendix also included a copy of an email that Sutton purportedly sent to her on September 14, 2016, and her first amended petition and requests for disclosure that she filed on

4

the trial court when it made its decision to appoint Sutton as the receiver. *See FinServ Cas. Corp.*, 523 S.W.3d at 147; *Barnard*, 133 S.W.3d at 789.

Further, "[w]e are limited to the appellate record provided." *Save Our Springs All., Inc. v. City of Dripping Springs*, 304 S.W.3d 871, 892 (Tex. App.—Austin 2010, pet. denied); *see* Tex. R. App. P. 34.1 (describing contents of appellate record); *Burke v. Insurance Auto Auctions Corp.*, 169 S.W.3d 771, 775 (Tex. App.—Dallas 2005, pet. denied) (noting that "appellate court cannot consider documents or hearings that are cited in the brief and attached as appendices if they are not formally included in the record on appeal"); *see also Ceramic Tile Int'l Inc. v. Balusek*, 137 S.W.3d 722, 724–25 (Tex. App.—San Antonio 2004, no pet.) (noting that neither pleadings nor documents attached to pleadings are evidence unless admitted at trial); *Barnard*, 133 S.W.3d at 789 (explaining that court may take judicial notice that pleading has been filed in case but not "of the truth of allegations in its records" (quoting *Tschirhart v. Tschirhart*, 876 S.W.2d 507, 508–09 (Tex. App.—Austin 1994, no writ))). Stacey did not make the documents part of the record at a hearing through a subsequently filed motion or objection.[5]

On this record, we conclude that Stacey has failed to meet her appellate burden to demonstrate that the trial court abused its discretion when it appointed Sutton as the post-judgment turnover receiver. *See Beaumont Bank*, 806 S.W.2d at 226; *Moyer*, 183 S.W.3d at 52. Thus, we overrule Stacey's issues.

---

August 21, 2020, in trial court cause number D-1-GN-19-003962. According to the petition, she sued Sutton along with several other individuals.

[5] As we previously observed, Stacey's motion to vacate the order requiring turnover and appointing a receiver appears to remain pending at the trial court.

# CONCLUSION

Having overruled Stacey's issues on appeal, we affirm the trial court's order requiring turnover and appointing receiver.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Triana, and Kelly

Affirmed

Filed:   May 13, 2021