In re Donald R. MATHESON, Debtor.

Donald R. MATHESON, Plaintiff,

v.

Ray POWELL and James Henderson, Defendants.

Donald R. MATHESON, Plaintiff,

v.

Forrest KEENE, Wellerson Associates, and William R. Hendrickson, Defendants.

Bankruptcy No. 387–30641–HCA–11. Adv. Nos. 387–3426, 387–3940.

United States Bankruptcy Court, N.D. Texas, Dallas Division.

Nov. 30, 1987.

Stewart R. Miller, Dallas, Tex., for plaintiff.

William R. Hendrickson, Dallas, Tex., for Wellerson Associates.

Henry I. Voegtle, Asst. Dist. Atty., Dallas, Tex., for Keene.

### ORDER

STEVEN A. FELSENTHAL, Bankruptcy Judge.

Ray Powell and James Henderson, the defendants in adversary number 387–3426,

move the court for summary judgment. Wellerson Associates and William R. Hendrickson, two of the defendants in adversary number 387–3940, move the court to strike the complaint and impose sanctions. The parties do not dispute the material facts. The court heard arguments on November 18, 1987, on whether the moving party is entitled to judgment as a matter of law in adversary number 387–3426. The court also heard arguments regarding the motion in adversary number 387–3940. Because the foreclosure sale conducted following an order lifting the automatic stay of 11 U.S.C. § 362 did not result in a transfer prohibited by the Bankruptcy Code, the complaints will be dismissed. Because counsel for the debtor has made a good faith effort to develop the law and to prevent the eviction of his client, sanctions will not be imposed.

On March 4, 1987, Union Bank and Trust of Dallas filed and served a motion for relief from stay to permit the foreclosure of Donald Matheson's duplex, which is located in University Park, Dallas County, Texas. Matheson, the debtor, did not respond to the motion. On March 30, 1987, Union Bank and Trust moved the court for a default judgment lifting the automatic stay under Local Bankruptcy Rule 4001(a)(2). On April 1, 1987, Bankruptcy Judge Harold C. Abramson entered the default order, granting the motion for relief from stay "in all respects" and specifically permitting a May foreclosure. Matheson did not appeal, or request the court to vacate, that order.

In June 1987 Union Bank and Trust conducted a foreclosure sale. Defendants Powell and Henderson purchased the property as highest bidder for $128,000. The bank satisfied the debt from the sale proceeds and forwarded the surplus of $9,592.95 to Matheson. Matheson contends that the property's fair market value is $400,000. Powell and Henderson transferred the property to defendant Wellerson Associates. Defendant Hendrickson is a partner of Wellerson Associates and counsel for defendants Powell and Henderson.

Matheson filed these adversary complaints to avoid the transfer under 11 U.S.C. § 549 and to enjoin his eviction. Matheson concedes that the attempt to block the eviction is now moot. He argues, however, that a post-petition transfer for less than a reasonably equivalent value as defined under § 548 by *Durrett v. Washington National Insurance*, 621 F.2d 201 (5th Cir. 1980), can be avoided under § 549(a)(2)(B) as neither authorized by the Code nor by court order.

The Code authorizes the bankruptcy court to lift the automatic stay of § 362 to permit a foreclosure sale. 11 U.S.C. § 362(d). Once the stay has been lifted, the foreclosure sale proceeds under Texas law. Matheson argues that the order lifting the stay did not authorize a sale for less than reasonably equivalent value as defined by *Durrett*. Because the foreclosure sale took place post-petition, § 548's reasonably equivalent value standard does not apply. In addition, § 549 does not apply because the court's order granted the motion for relief from stay which sought relief from the stay to foreclose the property, "in all respects." The foreclosure sale, which was conducted in accordance with Texas law, did not violate the court order.

Matheson also argues that the court order permitted only a May foreclosure and that the June sale did not comport with Texas notice requirements. Based on the provisions of the order quoted above, the court authorized a foreclosure. By granting the relief in all respects as prayed for in the motion, the lifting of the stay was not limited to a May foreclosure. The unrefuted evidence establishes proper posting and notice of the June sale. Thus the post-petition foreclosure sale was authorized by the Code and by court order.

Matheson has waived any challenge in bankruptcy court to the foreclosure sale resulting from the order lifting stay by defaulting on the motion to lift stay. Had he contested the motion to final hearing, Matheson could have introduced evidence to support his $400,000 valuation. Had the court accepted that evidence, the stay

would not have been lifted. Property valued at $400,000 with a secured debt of approximately $99,000 would produce an equity cushion for adequate protection to bar lifting the stay under § 362(d)(1) and equity to bar lifting the stay under § 352(d)(2). Accordingly, a transfer by foreclosure sale for less than the reasonably equivalent value could not have occurred. Had the court rejected debtor's valuation evidence, the Code provides for two appeals, relief pending appeal, and post-judgment motions to protect the debtor from judicial error. The Code thus works to prevent post-petition foreclosure transfers that would amount to fraud against the estate where the debtor in possession as trustee acts to protect his and the estate's rights.

Matheson permitted the foreclosure sale by defaulting on the motion. This action is tantamount to a voluntary dismissal in response to a motion to lift stay. He now seeks to avoid the foreclosure sale by invoking § 549. But § 109(g)(2) instructs that Matheson can only proceed by obtaining court approval for a dismissal of his case, waiting 180 days, and refiling. If he can accomplish that within one year of the foreclosure sale, then he can seek to avoid the transfer under § 548. But he may not challenge the foreclosure in this case under § 549.

Section 548, which governs pre-petition fraudulent transfers, does not apply to post-petition transfers. *Nemeti v. Seaway National Bank (In re Nemeti)* 65 B.R. 391, 395–95 (Bankr.N.D.N.Y.1986). Section 548 transfers may be avoided to maximize the estate to yield a more equitable distribution to creditors. Once that is accomplished, the Code governs how the estate is administered. As discussed above, the Code authorizes property to be removed from the estate by lifting the stay. Lifting the stay is premised on court findings of cause, or lack of equity and need for reorganization. Any unsecured claim resulting from a deficiency is limited by the difference between the value of the collateral and the debt. *See* 11 U.S.C. § 506(a). The unsecured claim will either be addressed by a plan or discharged, even if the creditor bids considerably less than the debt at the foreclosure sale. Further, the Code permits the debtor to seek equitable subordination or to challenge the creditor's claim. If the court lifts the stay for cause where the debtor has established an equity cushion, the Code protects the estate by permitting the court to impose protective conditions in the order lifting the stay or to fashion other equitable relief under § 105. Thus, once the court has found cause, or lack of equity and need for reorganization, the estate, by definition, cannot be adversely effected in most cases. Consequently, Matheson has not shown a policy reason to apply *Durrett's* reasonably equivalent value standard to post-petition transfers under § 549 which are authorized by § 362(d) and by court order.

Accordingly, as a matter of law, Matheson has not stated a claim for relief. Since the portion of adversary number 387–3940 seeking to block the eviction is moot, both complaints will be dismissed with prejudice.

■ In adversary number 387–3940, Wellerson Associates and Hendrickson seek sanctions against Matheson for filing a frivolous complaint intended to harass, delay, and impose hardships. After considering the arguments of counsel, the court finds that Matheson through counsel has made a good faith effort to develop the law and to prevent an eviction while doing so. The record contains no evidence that Matheson defaulted on the motion to lift stay to set up a challenge under § 549. To the contrary, counsel's arguments suggest that counsel filed the adversary after attending a seminar in which counsel's theory may have been discussed. This does not amount to a misuse of the system. Accordingly, sanctions will not be imposed.

Upon the foregoing reasons,

IT IS ORDERED that the motion for summary judgment in adversary number 387–3426 and the motion to strike the complaint in adversary number 387–3940 are GRANTED and the complaints are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the motion to impose sanctions is DENIED.