Gary Ben STEPHENS, Stephens Group, L.P. and Stephens Group II, L.P., Appellants,

v.

Kourosh HEMYARI, Appellee.

No. 05–05–01225–CV.

Court of Appeals of Texas, Dallas.

Feb. 16, 2007.

George Whittenburg, Karl L. Baumgardner, Whittenburg Whittenburg Garner & Stein, P.C., Amarillo, Craig T. Enoch, Winstead Sechrest & Minick P.C., Austin, for Appellants.

J. Kent Davenport, Leonard A. Epstein, Newman Davenport & Epstein, P.C., Dallas, Donald Colleluori, Figari & Davenport, L.L.P., Dallas, for Appellee.

Before Justices WRIGHT, BRIDGES, and MAZZANT.

## OPINION

Opinion by Justice MAZZANT.

Gary Ben Stephens, Stephens Group, L.P. (Group I), and Stephens Group II, L.P. (Group II) appeal the summary judgment in favor of Kourosh Hemyari in this suit to set aside a foreclosure deed. Appellants bring one issue on appeal asserting the foreclosure sale was void because the foreclosure documents were invalid and the foreclosure sale violated the automatic bankruptcy stay. We conclude Hemyari failed to establish as a matter of law that the foreclosure sale did not violate the automatic stay. We reverse the trial court's judgment and remand the cause.

## BACKGROUND

This case concerns title to three tracts of land totaling about 835 acres in Dallas County. On June 2, 1992, Group I purchased one of the tracts at a foreclosure auction, paying $40,000 for property that had secured a debt of $338,982.30. On July 8, 1993, Group II purchased the other two tracts for an undisclosed sum in an ordinary transaction.

Group I and Group II were limited partnerships in which Stephens was the general partner and Dr. James Murphy was a limited partner. In 1997, Dr. Murphy declared bankruptcy, which included an adversary proceeding against Stephens and the partnerships. In 1999, the parties settled the adversary proceeding, resulting in a Compromise and Settlement Agreement with Stephens purchasing Dr. Murphy's interest in the partnerships. The Agreement called for Stephens to pay Dr. Murphy $50,000 at closing and an additional $700,000 within 120 days of the closing. Stephens signed a nonrecourse note for the $700,000 payment secured by a deed of trust and a deed in lieu of foreclosure on the three tracts owned by the partnerships. The Agreement provided that if Stephens failed to make the $700,000 payment, Dr. Murphy could foreclose on the deed of trust or record the deed in lieu of foreclosure conveying the property to himself.

The closing took place on October 4, 1999, and Stephens made the $50,000 payment at the closing. However, 120 days later, Stephens did not make the $700,000 payment. On February 7, 2000, Dr. Murphy wrote to Stephens demanding payment of the $700,000 and threatening to post the property for foreclosure or file the deed in lieu of foreclosure. Before the deed of trust could be foreclosed, however, Group I and Group II filed for Chapter 11 bankruptcy protection.

Dr. Murphy then moved to lift the automatic stay. The bankruptcy court ordered a conditional lifting of the stay to allow the posting and foreclosure or recording of the deed in lieu of foreclosure unless Stephens timely made two payments totaling $700,000. Under the bankruptcy court's order, Stephens had to pay $50,000 by noon on June 12 and $650,000 on or before August 1, 2000. If Stephens timely made the first payment, then Dr. Murphy could post the property for foreclosure in July for sale on August 1, 2000, but Dr. Murphy could not at that time file the deed in lieu of foreclosure. If Stephens failed to make the $650,000 payment on or before August 1, 2000, then Dr. Murphy and the trustee could "proceed with the foreclosure sale on August 1, 2000 and/or record the Deed in Lieu of Foreclosure, at their option." Stephens made the June 12 $50,000 payment, but August 1 came and went without his paying the $650,000. On August 15, 2000, the substitute trustee posted the property for foreclosure. On September 5, 2000, the substitute trustee conducted the foreclosure sale, at which appellants' attorney was present, and sold the property to Hemyari for $651,000. The substitute trustee's deed identified the grantor of the deed of trust as "Gary Ben Stephens."

On August 23, 2001, American Title Company sent a letter to the substitute trustee who conducted the foreclosure sale, Gerrit Pronske, stating that title to the tracts appeared to be in both Group II and Hemyari. Pronske prepared and filed a "clarification" of the deed of trust, which added the following identification of capacity next to Stephens printed name below the signature line: "General Partner of the Stephens Group, L.P. and the Stephens Group II, L.P."

On May 17, 2004, Stephens, Group I, and Group II sued Hemyari seeking to have the foreclosure sale set aside, the

substitute trustee's deed canceled, and the cloud on the partnerships' title to the property removed. Appellants' alleged the foreclosure sale and the substitute trustee's deed were void because the sale violated the bankruptcy automatic stay, the deed of trust named the wrong grantor, and the notice of substituted trustee's sale and the substitute trustee's deed were defective. Hemyari filed a counterclaim seeking declaratory judgment that the foreclosure sale and substitute trustee's deed were valid, that title was effectively conveyed to him, and that the sale vested him with full title despite any problems with the deed. Hemyari also sought to have the court order the deed reformed to show it conveyed title from Group I and Group II to him and that he is the full owner of the property. The parties moved for summary judgment; the trial court granted Hemyari's motion for summary judgment and rendered the declaratory judgment Hemyari requested.[1]

The trial court's judgment declared that Group I and Group II validly granted a lien on their property in the deed of trust; the September 5, 2000 foreclosure sale was valid; Hemyari purchased and acquired fee simple title to the property free and clear of any interest of Stephens and Group I and Group II; and that Stephens, Group I, and Group II do not have any ownership interest in the property and have not had any since the foreclosure sale. The judgment also cancelled a *lis pendens* related to the property.

### STANDARD OF REVIEW

We review a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005); *Dickey v.*

*Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet. denied). The standard for reviewing a summary judgment is well established. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). The movant has the burden of showing no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005); *Nixon*, 690 S.W.2d at 548. After the movant has established a right to summary judgment, the burden shifts to the nonmovant to present evidence creating a fact issue. *Phan Son Van v. Pena*, 990 S.W.2d 751, 753 (Tex.1999); *Troxel v. Bishop*, 201 S.W.3d 290, 296 (Tex.App.-Dallas 2006, no pet.). When reviewing a summary judgment, we accept all evidence favorable to the nonmovant as true, indulge the nonmovant with every favorable reasonable inference, and resolve any doubt in the nonmovant's favor. *Valence Operating Co.*, 164 S.W.3d at 661; *Nixon*, 690 S.W.2d at 548–49.

### AUTOMATIC STAY

Appellants assert the foreclosure sale was void because it violated the automatic bankruptcy stay. They argue that the bankruptcy court's order conditionally lifting the automatic stay authorized posting for foreclosure in July 2001 and foreclosure sale "on August 1, 2001." They argue that because the posting occurred in August and the sale in September, contrary to the specific dates permitted in the bankruptcy court's order, the foreclosure sale violated the automatic stay and the sale was void.

---

**1.** The record does not show that the trial court ruled on appellants' motion for summary judgment. Appellants acknowledge that their motion for summary judgment is not before us as they request that we reverse the cause and remand to the trial court for consideration of their motion for summary judgment.

■ "An action taken in violation of the automatic stay is void, not merely voidable." *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex. 1988). A foreclosure sale that occurs during the automatic stay is void and passes no title. *Oles v. Curl*, 65 S.W.3d 129, 132 (Tex.App.-Amarillo 2001, no pet.). The terms of an order modifying the automatic stay must be strictly construed. *Casperone v. Landmark Oil & Gas Corp.*, 819 F.2d 112, 114 (5th Cir.1987); *Davis v. Baker*, 29 S.W.3d 921, 924 (Tex.App.-Austin 2000, no pet.) (citing *Casperone*).

■ Hemyari's motion for summary judgment asserted the sale did not violate the automatic stay because the case *In re Matheson*, 84 B.R. 435 (Bankr.N.D.Tex. 1987), held a foreclosure under similar circumstances did not violate the automatic stay. Hemyari argued that *Matheson* was "on all fours and controlling." In *Matheson*, a bank filed a motion for relief from the automatic stay to permit the foreclosure on Matheson's property. *Id.* at 436. The bankruptcy court's order "grant[ed] the motion for relief from stay 'in all respects' and specifically permitt[ed] a May foreclosure." *Id.* at 436. The foreclosure sale then took place in June. Matheson argued the sale was improper because "the court order permitted only a May foreclosure." *Id.* The bankruptcy court held that "[b]y granting the relief in all respects as prayed for in the motion, the lifting of the stay was not limited to a May foreclosure." *Id.*

In this case, the bankruptcy court's order did not grant relief "in all respects," as the *Matheson* court order did, but conditionally lifted the stay to allow foreclosure on a specific date. The *Matheson* opinion does not address whether a foreclosure sale on a date other than that permitted in an order conditionally lifting the stay is valid or whether it violates the automatic stay. Accordingly, contrary to Hemyari's assertion in the trial court, *Matheson* is not "on all fours and controlling."

Hemyari argues the bankruptcy court's order "permitted foreclosure at any time after August 1, 2000." We disagree: the order states, "the trustee may proceed with the foreclosure sale *on* August 1, 2000...." (Emphasis added.) Strictly construing the order does not permit us to interpret it as allowing foreclosure after August 1, 2000.

Hemyari states, "To suggest here that foreclosure could only occur in August, and not in September, is to elevate form over substance in order to arrive at a result the bankruptcy court neither intended nor envisioned." The summary judgment record before this Court shows the bankruptcy court intended and envisioned a foreclosure sale on August 1, 2000; the record does not establish that a sale after August 1, 2000 was intended or envisioned by the bankruptcy court. Nor does the summary judgment record establish that this interpretation of the bankruptcy court's order elevates form over substance in the context of the ongoing bankruptcy proceedings.

We conclude Hemyari failed in his burden to establish as a matter of law that the September 1, 2000 foreclosure sale did not violate the automatic stay.[2] Because of our disposition of this argument, we do not reach appellants' assertion that defects in the deed of trust and the foreclosure documents rendered the foreclosure void. We sustain appellant's issue.

---

2. We do not, however, hold that the foreclosure sale violated the automatic stay. Resolution of that issue is not necessary for the disposition of this appeal, so we do not address it. *See* TEX.R.APP. P. 47.1.

We reverse the trial court's judgment and remand the cause for further proceedings.