

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-05-070-CV

LARRY DICKINSON                                          APPELLANT

V.

MARY DICKINSON                                           APPELLEE

-----------

## FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

-----------

## **OPINION**

-----------

Appellant Larry Dickinson appeals from the property division in a final divorce decree.   In three issues, appellant contends that the trial court erred by (1) divesting him of his separate property remainder interest in California real property, (2) awarding appellee Mary Dickinson out-of-state real property over which the trial court had no jurisdiction, and (3) issuing a final decree that goes beyond the trial court's limited authority, granted by the United States Bankruptcy

Court, to make a property division during the pendency of appellant's Chapter 13 bankruptcy. We affirm in part and reverse and remand in part.

## I. Background Facts

After filing for divorce, appellant filed a chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Texas. The Bankruptcy Court ordered that the automatic stay be modified to allow the divorce to be finalized with respect to matters concerning "child support, custody, visitation and use of property." The order further directed the trial court "to make recommendations to the Bankruptcy Court regarding child support and the division of community property."

On August 20, 2004, a final hearing was held before the Honorable David Cleveland sitting as a visiting judge. The parties had only personal property to divide, with the exception of appellant, who is a cobeneficiary of a trust set up by his father before his death (the Trust). The evidence at trial showed that the corpus of the Trust consists of real property located in California. Dorothy M. Cawley has a life estate in this real property; upon her death or voluntary vacancy of the property, the trustee of the Trust must distribute the property in equal fifty percent shares to appellant and his sister. If appellant dies before Cawley's life estate terminates, his share must be distributed to his sister or her issue as defined in the Trust.

On November 10, 2004, the trial court signed a decree granting the divorce and finding appellant at fault in the dissolution of the marriage. The trial court awarded appellee $500 per month in spousal support for twenty-four months, sixty percent of appellant's future military pension benefits, and half of his military pension benefits that had been paid in the eighteen months before the decree was signed. The trial court recommended to the Bankruptcy Court that the parties' community property be divided as follows: (1) each party would receive the personal property, bank accounts, and automobiles in his or her possession with the exception of the firearms, which were to be delivered to appellant, and the coin collection and dishes, which were to be delivered to appellee; (2) appellee would receive half of the value of the Harley Davidson motorcycle; (3) appellee would receive half of appellant's remainder interest in the real property in California; and (4) appellee would receive attorney's fees of $5,000 from appellant.

Appellant timely filed a motion for new trial, in which he contended that the trial court improperly awarded his separate property remainder interest in the California real property to appellee. The Honorable Judge L. Dee Shipman, presiding judge of the trial court, held a hearing on the motion for new trial, which he denied. Appellant filed a timely notice of appeal, but in an order dated December 6, 2005, we suspended the appeal because the bankruptcy was still pending and the Bankruptcy Court had not lifted the automatic stay for appeal.

We reinstated this appeal on February 26, 2010 on appellant's motion to reinstate, which indicated that the bankruptcy has been discharged.

## II. Did Property Division Violate Automatic Stay?

We first address appellant's third issue—in which he contends that the trial court did not have jurisdiction to effect a property division because the Bankruptcy Court's order lifting the stay allowed the trial court only to make recommendations to the Bankruptcy Court—because our resolution of this issue implicates our authority to consider the merits of the first and second issues.

The filing of a bankruptcy petition triggers the automatic stay under the bankruptcy code. 11 U.S.C.A. § 362(a)(1) (West 2004 & Supp. 2010); *In re Sensitive Care*, *Inc.*, 28 S.W.3d 35, 38–39 (Tex. App.—Fort Worth 2000, orig. proceeding). The automatic stay deprives state courts of jurisdiction over proceedings against the debtor, and any action taken against the debtor while the stay is in place is void and without legal effect. *In re Sensitive Care*, 28 S.W.3d at 39; *see Kalb v. Feuerstein*, 308 U.S. 433, 439, 60 S. Ct. 343, 346 (1940); *Howell v. Thompson*, 839 S.W.2d 92, 92 (Tex. 1992). This is true regardless of whether a party or the state court learns of the stay before taking action against the debtor. *In re Sensitive Care*, 28 S.W.3d at 39. We strictly construe an order modifying the automatic stay. *Stephens v. Hemyari*, 216 S.W.3d 526, 529 (Tex. App.—Dallas 2007, pet. denied).

Here, the Bankruptcy Court lifted the stay so that the trial court could finalize matters regarding the "use of property" but also so that it could make "recommendations" regarding the property division. The trial court stated at the end of the prove-up that the "property division is a recommendation" to the Bankruptcy Court, and the decree states, immediately before listing the property to be divided, that "[t]he Court therefore makes the following recommendation to the Bankruptcy Court regarding the division of the property of the parties." Thus, the trial court made clear that its property division was a recommendation to the Bankruptcy Court in accordance with that court's order. Because the order lifting the stay specifically stated that the trial court was to make recommendations regarding the property division, the trial court's property division in the decree did not violate the stay; therefore, it is not void. *See Strader v. Burks*, No. 04-05-00779-CV, 2006 WL 3497263, at *1 (Tex. App.—San Antonio Dec. 6, 2006, no pet.) (mem. op.) (construing order lifting stay and concluding that property division did not violate order lifting stay). We overrule appellant's third issue.

### III. Did Trial Court Improperly Award Appellee an Undivided One-Half Interest in Appellant's Separate Property?

In his first issue, appellant contends that the trial court erred by divesting him of his separate property remainder interest in the real property in California.

**Judicial Admission**

Appellee objected to appellant's introducing evidence of the Trust at trial, contending that appellant had judicially admitted that his remainder interest was community property by asking only for community property to be divided in his pleadings and by responding to discovery inquiring into the possible existence of separate property with, "There is no separate property. . . .There is a trust." Appellant argued that he had listed the Trust property as separate in his sworn inventory and appraisement.[1]  The trial court told appellee that it was neither sustaining nor overruling appellee's objection and allowed appellant to introduce evidence of the Trust without stating whether or not it believed appellant had judicially admitted that the remainder interest was community property.  Judge Shipman denied the motion for new trial on the ground that Visiting Judge Cleveland could have believed that appellant had judicially admitted that his remainder interest in the California real property was community property.

"Assertions of fact, not [pled] in the alternative, in the live pleadings of a party are regarded as formal judicial admissions."  *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001) (quoting *Houston First Am. Sav. v. Musik*, 650 S.W.2d 764, 767 (Tex. 1983)); *Commercial Structures & Interiors, Inc. v. Liberty Educ. Ministries, Inc*., 192 S.W.3d 827, 835 (Tex. App.—Fort Worth

---

[1]At the motion for new trial hearing, appellant's counsel clarified that the sworn inventory listed an "[i]nherited trust," and the trial court read from appellant's response to appellee's request for disclosures, "Petitioner is a beneficiary of the trust; however, the trust property is part of a life estate and is not ready for distribution under the terms of the trust agreement."

2006, no pet.).   A judicial admission is a formal waiver of proof that dispenses with the production of evidence on an issue.   *Lee v. Lee*, 43 S.W.3d 636, 641 (Tex. App.—Fort Worth 2001, no pet.).   A judicially admitted fact is established as a matter of law, and the admitting party may not dispute it or introduce evidence contrary to it.   *Peck v. Peck*, 172 S.W.3d 26, 31 (Tex. App.—Dallas 2005, pet. denied); *Dutton v. Dutton*, 18 S.W.3d 849, 853 (Tex. App.—Eastland 2000, pet. denied); *Roosevelt v. Roosevelt*, 699 S.W.2d 372, 374 (Tex. App.—El Paso 1985, writ dism'd).

This rule is based on the public policy that it would be absurd and manifestly unjust to permit a party to recover after he has sworn himself out of court by a clear and unequivocal statement.   *U.S. Fid. & Guar. Co. v. Carr*, 242 S.W.2d 224, 229 (Tex. Civ. App. —San Antonio 1951, writ ref'd); *see also Peck*, 172 S.W.3d at 31; *Lee*, 43 S.W.3d at 641.   Five conditions must have occurred for a party's admission to be conclusive against him:   (1) the declaration relied upon must have been made in the course of a judicial proceeding; (2) the declaration was contrary to an essential fact embraced in the theory of recovery or defense asserted by the party; (3) the statement was deliberate, clear, and unequivocal; (4) giving conclusive effect to the declaration would not run contrary to public policy; and (5) the declaration related to a fact upon which a judgment for the opposing party was based.   *Carr*, 242 S.W.2d at 229; *see also Peck*, 172 S.W.3d at 31; *Lee*, 43 S.W.3d at 641–42.

Here, appellant's statements in his pleadings and discovery were not unequivocal; they were, at best, ambiguous. Although his pleadings do not mention the division of separate property, separate property cannot be divided; it must be awarded to the party who holds the separate property interest. *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 141–42 (Tex. 1977); *Barnard v. Barnard*, 133 S.W.3d 782, 789 (Tex. App.—Fort Worth 2004, pet. denied). In addition, appellant's statement in response to discovery that there is no separate property, there is a trust, could be interpreted as referring to appellant's interest being subject to Cawley's life estate in the property and not yet being ready for distribution to the remaindermen. Thus, we conclude and hold that appellant's statements in his pleadings and in discovery were not judicial admissions that would prevent him from alleging that his remainder interest in the Trust property was separate property and from introducing evidence to prove its character as separate. *See Regency Advantage Ltd. P'ship v. Bingo Idea-Watauga, Inc.*, 936 S.W.2d 275, 278 (Tex. 1996); *Sharma v. Routh*, 302 S.W.3d 355, 366 n.22 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (op. on reh'g). We will review whether the trial court abused its discretion by awarding appellee a one-half undivided interest in the real property.

**Standard of Review and Applicable Law**

The trial court must divide the parties' estate in a just and right manner, having due regard for each party's rights. Tex. Fam. Code Ann. § 7.001 (Vernon

8

2006); *Murff v. Murff*, 615 S.W.2d 696, 698–99 (Tex. 1981); *Barnard*, 133 S.W.3d at 787. We may not reverse a trial court's property division absent an abuse of discretion. *Murff*, 615 S.W.2d at 698; *Barnard*, 133 S.W.3d at 787. Only community property may be divided, however; a court may not divest a party of his or her separate property. *Eggemeyer*, 554 S.W.2d at 141–42; *Barnard*, 133 S.W.3d at 789.

Property possessed by either spouse during or on the dissolution of the marriage is presumed to be community property. *See* Tex. Fam. Code Ann. § 3.003(a) (Vernon 1998); *Barnard*, 133 S.W.3d at 789. Whether property is community or separate is determined by the facts that give the property its character, and the party who asserts that property is his or her separate property must prove its separate character with clear and convincing evidence. *See* Tex. Fam. Code Ann. § 3.003(b); *Barnard*, 133 S.W.3d at 789; *Boyd v. Boyd*, 131 S.W.3d 605, 612 (Tex. App.—Fort Worth 2004, no pet.).

To overcome the presumption of community property, the burden is on the spouse claiming certain property as separate to trace and clearly identify the claimed separate property. *Estate of Hanau v. Hanau*, 730 S.W.2d 663, 667 (Tex. 1987); *Barnard*, 133 S.W.3d at 789–90. Tracing involves using evidence showing the time and means by which the spouse originally obtained possession of the property to establish the separate origin of the property and how the spouse claimed the asset. *Boyd*, 131 S.W.3d at 612; *Ganesan v. Vallabhaneni*, 96

S.W.3d 345, 354 (Tex. App.—Austin 2002, pet. denied).   The characterization of property is determined by the inception of title to the property.   *Boyd*, 131 S.W.3d at 612.   Inception of title occurs when a party first has a right of claim to the property by virtue of which title is finally vested.   *Sharma*, 302 S.W.3d at 360.

The Texas constitution provides that property a spouse acquires after marriage by gift or devise is that spouse's separate property.   Tex. Const. art. XVI, § 15; Tex. Fam. Code Ann. § 3.001(2); *Sharma*, 302 S.W.3d at 360.

**Analysis**

The evidence at trial showed that appellant's father was the settlor, trustee, and initial beneficiary of the Trust, which was fully revocable before his death.   But when appellant's father died, Cawley's life estate vested, as did appellant's and his sister's remainder interests.   Thus, appellant's remainder interest in the real property Trust corpus was obtained by devise.   *See Cleaver v. Cleaver*, 935 S.W.2d 491, 493 (Tex. App.—Tyler 1996, no pet.).

Appellee contends that the economic interest in the increase in value of the Trust corpus constitutes community property.   Generally, when separate property produces income that is acquired by a spouse, the income is community property. *Lipsey v. Lipsey*, 983 S.W.2d 345, 350 (Tex. App.—Fort Worth 1998, no pet.). However, an increase in value of an item of separate property is an inherent part of the item, which cannot be separated from it.   *Id.*; *see Jensen v. Jensen*, 665 S.W.2 d 107, 109 (Tex. 1984).   There was no evidence that appellant was entitled

10

to receive, or that he did receive, any income from the Trust during the marriage; his only interest is the remainder interest in the real property, which he was not entitled to until his father's death and which was subject to Cawley's life estate. *See Sharma*, 302 S.W.3d at 361–64 (discussing various courts of appeals' approaches to characterizing trust income during marriage as community or separate). Rather, appellant's interest in the real property is separate property obtained by devise; thus, the property's increase in value cannot be separated from the property itself for purposes of dividing the marital estate. *See Lipsey*, 983 S.W.2d at 350.

In *Currie v. Currie*, the San Antonio Court of Appeals held that because the appellee was not entitled to receive any income or corpus from a testamentary trust unless and until he survived the life beneficiary, he had not acquired any community property from the trust. 518 S.W.2d 386, 389 (Tex. Civ. App.—San Antonio 1974, writ dism'd). Similarly, because appellant is not entitled to any distribution of the Trust corpus until Cawley's death or voluntary vacancy of the real property—which had not occurred at the time of trial—his remainder interest cannot be characterized as community property. *See id*.; *see also Cleaver*, 935 S.W.2d at 493.

Accordingly, appellant showed by clear and convincing evidence that his remainder interest in the Trust corpus was obtained by devise and is, thus, separate property that the trial court was not entitled to award to appellee. The

trial court abused its discretion by mischaracterizing appellant's remainder interest as community property and awarding an interest in part of the real property to appellee. We sustain appellant's first issue.

## Conclusion

We affirm the part of the trial court's judgment granting the divorce. But having sustained appellant's first issue,[2] we reverse and remand for a new property division. *See Barnard*, 133 S.W.3d at 790.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DAUPHINOT, J. concurs without opinion.

DELIVERED: August 31, 2010

---

[2]Because appellant's first issue is dispositive, we need not address his second issue. *See* Tex. R. App. P. 47.1; *Horsley-Layman v. Adventist Health Sys./Sunbelt, Inc.*, 221 S.W.3d 802, 809 (Tex. App.—Fort Worth 2007, pet. denied).