02-05-070-CV
















 
 
 
 
 
 
 




 

 

 

 

 

                                                COURT OF APPEALS

                                                 SECOND DISTRICT
OF TEXAS

                                                                FORT
WORTH

 

                                                 NO. 2-05-070-CV

 

 

LARRY DICKINSON                                                                           APPELLANT

 

                                                             V.

 

MARY DICKINSON                                                                               APPELLEE

 

                                                       ------------

 

               FROM
THE 211TH DISTRICT COURT OF DENTON COUNTY

 

                                                       ------------

 

                                                      OPINION

 

                                                       ------------

Appellant
Larry Dickinson appeals from the property division in a final divorce decree.  In three issues, appellant contends that the
trial court erred by (1) divesting him of his separate property remainder
interest in California real property, (2) awarding appellee Mary Dickinson out-of-state
real property over which the trial court had no jurisdiction, and (3) issuing a
final decree that goes beyond the trial court=s limited
authority, granted by the United States Bankruptcy Court, to make a property
division during the pendency of appellant’s Chapter 13 bankruptcy.  We affirm in part and reverse and remand in
part.

I. Background Facts

After
filing for divorce, appellant filed a chapter 13 bankruptcy petition in the United
States Bankruptcy Court for the Eastern District of Texas.  The Bankruptcy Court ordered that the
automatic stay be modified to allow the divorce to be finalized with respect to
matters concerning Achild support, custody, visitation
and use of property.@  The order further directed the trial court
“to make recommendations to the Bankruptcy Court regarding child support and
the division of community property.@

On
August 20, 2004, a final hearing was held before the Honorable David Cleveland sitting
as a visiting judge.  The parties had
only personal property to divide, with the exception of appellant, who is a
cobeneficiary of a trust set up by his father before his death (the Trust).  The evidence at trial showed that the corpus
of the Trust consists of real property located in California.  Dorothy M. Cawley has a life estate in this
real property; upon her death or voluntary vacancy of the property, the trustee
of the Trust must distribute the property in equal fifty percent shares to appellant
and his sister.  If appellant dies before
Cawley’s life estate terminates, his share must be distributed to his sister or
her issue as defined in the Trust.

On
November 10, 2004, the trial court signed a decree granting the divorce and finding
appellant at fault in the dissolution of the marriage.  The trial court awarded appellee $500 per
month in spousal support for twenty-four months, sixty percent of appellant=s future
military pension benefits, and half of his military pension benefits that had
been paid in the eighteen months before the decree was signed.  The trial court recommended to the Bankruptcy
Court that the parties= community property be
divided as follows: (1) each party would receive the personal property, bank
accounts, and automobiles in his or her possession with the exception of the
firearms, which were to be delivered to appellant, and the coin collection and dishes,
which were to be delivered to appellee; (2) appellee would receive half of the
value of the Harley Davidson motorcycle; (3) appellee would receive half of appellant’s
remainder interest in the real property in California; and (4) appellee would receive
attorney=s
fees of $5,000 from appellant.

Appellant
timely filed a motion for new trial, in which he contended that the trial court
improperly awarded his separate property remainder interest in the California
real property to appellee.  The Honorable
Judge L. Dee Shipman, presiding judge of the trial court, held a hearing on the
motion for new trial, which he denied. 
Appellant filed a timely notice of appeal, but in an order dated
December 6, 2005, we suspended the appeal because the bankruptcy was still
pending and the Bankruptcy Court had not lifted the automatic stay for appeal.  We reinstated this appeal on February 26, 2010
on appellant’s motion to reinstate, which indicated that the bankruptcy has
been discharged.

II. Did Property Division Violate Automatic
Stay?

We
first address appellant’s third issue––in which he contends that the trial
court did not have jurisdiction to effect a property division because the
Bankruptcy Court’s order lifting the stay allowed the trial court only to make
recommendations to the Bankruptcy Court––because our resolution of this issue
implicates our authority to consider the merits of the first and second issues.

The
filing of a bankruptcy petition triggers the automatic stay under the
bankruptcy code.  11 U.S.C.A. § 362(a)(1)
(West 2004 & Supp. 2010); In re Sensitive Care, Inc., 28
S.W.3d 35, 38–39 (Tex. App.—Fort Worth 2000, orig. proceeding).  The automatic stay deprives state courts of
jurisdiction over proceedings against the debtor, and any action taken against
the debtor while the stay is in place is void
and without legal effect.  In re
Sensitive Care, 28 S.W.3d at 39; see Kalb v. Feuerstein, 308 U.S.
433, 439, 60 S. Ct. 343, 346 (1940); Howell v. Thompson, 839 S.W.2d 92,
92 (Tex. 1992).  This is true regardless
of whether a party or the state court learns of the stay before taking action
against the debtor.  In re Sensitive
Care, 28 S.W.3d at 39.  We strictly
construe an order modifying the automatic stay. 
Stephens v. Hemyari, 216
S.W.3d 526, 529 (Tex. App.––Dallas 2007, pet. denied).

Here,
the Bankruptcy Court lifted the stay so that the trial court could finalize
matters regarding the “use of property” but also so that it could make “recommendations”
regarding the property division.  The
trial court stated at the end of the prove-up that the “property division is a
recommendation” to the Bankruptcy Court, and the decree states, immediately
before listing the property to be divided, that “[t]he Court therefore makes
the following recommendation to the Bankruptcy Court regarding the division of
the property of the parties.”  Thus, the
trial court made clear that its property division was a recommendation to the
Bankruptcy Court in accordance with that court’s order.  Because the order lifting the stay
specifically stated that the trial court was to make recommendations regarding
the property division, the trial court’s property division in the decree did
not violate the stay; therefore, it is not void.  See
Strader v. Burks, No. 04-05-00779-CV, 2006 WL 3497263, at *1 (Tex.
App.––San Antonio Dec. 6, 2006, no pet.) (mem. op.) (construing order lifting
stay and concluding that property division did not violate order lifting stay).  We overrule appellant’s third issue.

III.
Did Trial Court Improperly Award Appellee an Undivided One-Half Interest in Appellant’s
Separate Property?

 

In
his first issue, appellant contends that the trial court erred by divesting him
of his separate property remainder interest in the real property in California.

Judicial
Admission

          Appellee objected to appellant’s introducing evidence of
the Trust at trial, contending that appellant had judicially admitted that his
remainder interest was community property by asking only for community property
to be divided in his pleadings and by responding to discovery inquiring into
the possible existence of separate property with, “There is no separate
property. . . .There is a trust.” Appellant argued that he had listed the Trust
property as separate in his sworn inventory and appraisement.[1]  The trial court told appellee that it was
neither sustaining nor overruling appellee’s objection and allowed appellant to
introduce evidence of the Trust without stating whether or not it believed
appellant had judicially admitted that the remainder interest was community
property.  Judge Shipman denied the
motion for new trial on the ground that Visiting Judge Cleveland could have
believed that appellant had judicially admitted that his remainder interest in
the California real property was community property.

“Assertions
of fact, not [pled] in the alternative, in the live pleadings of a party are
regarded as formal judicial admissions.” 
Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 568
(Tex. 2001) (quoting Houston First Am. Sav. v. Musik, 650 S.W.2d 764,
767 (Tex. 1983)); Commercial Structures & Interiors, Inc. v. Liberty
Educ. Ministries, Inc., 192 S.W.3d 827, 835 (Tex. App.—Fort Worth 2006, no
pet.).  A judicial admission is a formal
waiver of proof that dispenses with the production of evidence on an issue.  Lee v. Lee, 43 S.W.3d 636, 641 (Tex.
App.—Fort Worth 2001, no pet.).  A
judicially admitted fact is established as a matter of law, and the admitting
party may not dispute it or introduce evidence contrary to it.  Peck v. Peck, 172 S.W.3d 26, 31 (Tex.
App.—Dallas 2005, pet. denied); Dutton v. Dutton, 18 S.W.3d 849, 853
(Tex. App.—Eastland 2000, pet. denied); Roosevelt v. Roosevelt, 699
S.W.2d 372, 374 (Tex. App.—El Paso 1985, writ dism’d).

This
rule is based on the public policy that it would be absurd and manifestly
unjust to permit a party to recover after he has sworn himself out of court by
a clear and unequivocal statement.  U.S.
Fid. & Guar. Co. v. Carr, 242 S.W.2d 224, 229 (Tex. Civ. App. —San
Antonio 1951, writ ref’d); see also Peck, 172 S.W.3d at 31; Lee,
43 S.W.3d at 641.  Five conditions must
have occurred for a party’s admission to be conclusive against him:  (1) the declaration relied upon must have
been made in the course of a judicial proceeding; (2) the declaration was
contrary to an essential fact embraced in the theory of recovery or defense
asserted by the party; (3) the statement was deliberate, clear, and
unequivocal; (4) giving conclusive effect to the declaration would not run
contrary to public policy; and (5) the declaration related to a fact upon which
a judgment for the opposing party was based. 
Carr, 242 S.W.2d at 229; see
also Peck, 172 S.W.3d at
31; Lee, 43 S.W.3d at 641–42.

          Here, appellant’s statements in his
pleadings and discovery were not unequivocal; they were, at best,
ambiguous.  Although his pleadings do not
mention the division of separate property, separate property cannot be divided;
it must be awarded to the party who holds the separate property interest.  Eggemeyer v. Eggemeyer, 554
S.W.2d 137, 141–42 (Tex. 1977); Barnard v. Barnard, 133 S.W.3d 782, 789
(Tex. App.CFort
Worth 2004, pet. denied).  In addition, appellant’s statement in
response to discovery that there is no separate property, there is a trust,
could be interpreted as referring to appellant’s interest being subject to
Cawley’s life estate in the property and not yet being ready for distribution
to the remaindermen.  Thus, we conclude
and hold that appellant’s statements in his pleadings and in discovery were not
judicial admissions that would prevent him from alleging that his remainder
interest in the Trust property was separate property and from introducing
evidence to prove its character as separate. 
See Regency Advantage Ltd. P’ship
v. Bingo Idea-Watauga, Inc., 936 S.W.2d 275, 278 (Tex. 1996); Sharma v. Routh, 302 S.W.3d 355, 366
n.22 (Tex. App.––Houston [14th Dist.] 2009, no pet.) (op. on reh’g).  We
will review whether the trial court abused its discretion by awarding appellee
a one-half undivided interest in the real property.

Standard
of Review and Applicable Law

The
trial court must divide the parties=
estate in a just and right manner, having due regard for each party=s
rights.  Tex. Fam. Code Ann. § 7.001
(Vernon 2006); Murff
v. Murff, 615 S.W.2d 696, 698–99 (Tex. 1981); Barnard, 133 S.W.3d at 787.  We may not reverse a trial court’s property
division absent an abuse of discretion.  Murff,
615 S.W.2d at 698; Barnard, 133
S.W.3d at 787.  Only community property
may be divided, however; a court may not divest a party of his or her separate
property.  Eggemeyer, 554 S.W.2d at
141–42; Barnard, 133 S.W.3d at 789.

Property
possessed by either spouse during or on the dissolution of the marriage is presumed
to be community property.  See Tex.
Fam. Code Ann. ' 3.003(a) (Vernon 1998); Barnard,
133 S.W.3d at 789.  Whether property is
community or separate is determined by the facts that give the property its
character, and the party who asserts that property is his or her separate
property must prove its separate character with clear and convincing
evidence.  See Tex. Fam. Code Ann.
'
3.003(b); Barnard, 133 S.W.3d at 789;
Boyd v. Boyd, 131 S.W.3d 605, 612
(Tex. App.––Fort Worth 2004, no pet.).

To
overcome the presumption of community property, the burden is on the spouse
claiming certain property as separate to trace and clearly identify the claimed
separate property.  Estate of Hanau v.
Hanau, 730 S.W.2d 663, 667 (Tex. 1987); Barnard,
133 S.W.3d at 789–90.  Tracing
involves using evidence showing the time and means by which the spouse
originally obtained possession of the property to establish the separate origin
of the property and how the spouse claimed the asset.  Boyd, 131 S.W.3d at 612; Ganesan v.
Vallabhaneni, 96 S.W.3d 345, 354 (Tex. App.CAustin
2002, pet. denied).  The
characterization of property is determined by the inception of title to the
property.  Boyd, 131 S.W.3d at 612.  Inception of title occurs when a party first
has a right of claim to the property by virtue of which title is finally
vested.  Sharma, 302 S.W.3d at 360.

The
Texas constitution provides that property a spouse acquires after marriage by
gift or devise is that spouse’s separate property.  Tex. Const. art. XVI, § 15; Tex. Fam. Code
Ann. § 3.001(2); Sharma, 302 S.W.3d
at 360.

Analysis

The
evidence at trial showed that appellant’s father was the settlor, trustee, and initial
beneficiary of the Trust, which was fully revocable before his death.  But when appellant’s father died, Cawley’s
life estate vested, as did appellant’s and his sister’s remainder
interests.  Thus, appellant’s remainder
interest in the real property Trust corpus was obtained by devise.  See Cleaver
v. Cleaver, 935 S.W.2d 491, 493 (Tex. App.––Tyler 1996, no pet.).

Appellee
contends that the economic interest in the increase in value of the Trust corpus
constitutes community property.  Generally,
when separate property produces income that is acquired by a spouse, the income
is community property.  Lipsey v.
Lipsey, 983 S.W.2d 345, 350 (Tex. App.––Fort Worth 1998, no pet.).  However, an increase in value of an item of
separate property is an inherent part of the item, which cannot be separated from
it.  Id.; see Jensen v. Jensen, 665
S.W.2 d 107, 109 (Tex. 1984).  There was
no evidence that appellant was entitled to receive, or that he did receive, any
income from the Trust during the marriage; his only interest is the remainder
interest in the real property, which he was not entitled to until his father’s
death and which was subject to Cawley’s life estate.  See Sharma, 302 S.W.3d at 361–64
(discussing various courts of appeals’ approaches to characterizing trust
income during marriage as community or separate).  Rather, appellant’s interest in the real
property is separate property obtained by devise; thus, the property’s increase
in value cannot be separated from the property itself for purposes of dividing
the marital estate.  See Lipsey, 983 S.W.2d at 350.

In Currie
v. Currie, the San Antonio Court of Appeals held that because the appellee
was not entitled to receive any income or corpus from a testamentary trust unless
and until he survived the life beneficiary, he had not acquired any community
property from the trust.  518 S.W.2d 386,
389 (Tex. Civ. App.CSan Antonio 1974, writ
dism’d).  Similarly, because appellant is
not entitled to any distribution of the Trust corpus until Cawley’s death or
voluntary vacancy of the real propertyCwhich
had not occurred at the time of trialChis
remainder interest cannot be characterized as community property.  See id.;
see also Cleaver, 935 S.W.2d at 493.

Accordingly,
appellant showed by clear and convincing evidence that his remainder interest
in the Trust corpus was obtained by devise and is, thus, separate property that
the trial court was not entitled to award to appellee.  The trial court abused its discretion by
mischaracterizing appellant=s remainder
interest as community property and awarding an interest in part of the real
property to appellee.  We sustain
appellant’s first issue.

Conclusion

          We affirm the part of the trial court’s judgment granting the
divorce.  But having sustained appellant=s first
issue,[2]
we reverse and remand for a new property division.  See
Barnard, 133 S.W.3d at 790.

          

                                                                   TERRIE
LIVINGSTON

                                                                   CHIEF
JUSTICE

 

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

 

DAUPHINOT, J. concurs without opinion.

 

DELIVERED:  August 31, 2010











[1]At
the motion for new trial hearing, appellant’s counsel clarified that the sworn
inventory listed an “[i]nherited trust,” and the trial court read from
appellant’s response to appellee’s request for disclosures, “Petitioner is a
beneficiary of the trust; however, the trust property is part of a life estate
and is not ready for distribution under the terms of the trust agreement.”





[2]Because
appellant’s first issue is dispositive, we need not address his second
issue.  See Tex. R. App. P. 47.1; Horsley-Layman
v. Adventist Health Sys./Sunbelt, Inc., 221 S.W.3d 802, 809 (Tex.
App.––Fort Worth 2007, pet. denied).