

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00169-CV

_____

WAHID YAMMINE, INDIVIDUALLY AND D/B/A YAM YAM TRADING, APPELLANT

V.

HDH FINANCIAL, LLC, APPELLEE

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 96-262931-12, Honorable R. H. Wallace, Presiding

June 12, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Wahid Yammine, individually and d/b/a Yam Yam Trading (Wahid), appeals from a summary judgment adjudicating title to certain property in HDH Financial LLC (HDH) and awarding the latter attorney's fees against Wahid. Two of the issues before us appear via the trial court's denial of Wahid's motion for new trial. They concern whether HDH served Wahid with notice of the summary judgment setting and reinstatement of the suit and whether the summary judgment should have been set

aside under *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). The third issue involves the award of attorney's fees. We affirm.

*Background*

The dispute arose after Wahid released liens attaching to various parcels of realty. The liens arose from deeds of trust executed in his favor by the landowner. After the liens were released, the landowner sold the property to HDH via warranty deeds. After the latter transaction occurred, the trustee under the prior deeds of trust conveyed to Wahid title to the realty. HDH then sued Wahid to remove the cloud on its title. So too did it move for summary judgment.

HDH served its motion for summary judgment on Wahid through Wahid's attorney of record, John Leslie. The latter filed a response that Wahid apparently did not like. So another individual named Wally Yammine (Wally) filed his own response on behalf of Wahid. No one disputes that Wally was neither a lawyer nor legal counsel of record for Wahid. Thereafter, various events of import ensued.

First, Leslie moved to withdraw as counsel for Wahid. Second, and before the trial court granted Leslie's motion to withdraw, Wahid filed for bankruptcy. Third, all proceedings in the HDH suit were automatically stayed due to the bankruptcy. Fourth, the bankruptcy court entered an order stating that "[t]he automatic stay . . . [was] terminated to allow HDH to proceed with the State Court Lawsuit with respect to the relief requested in HDH's first amended petition filed in the State Court Lawsuit regarding the Property (as defined in the Motion and located on 1401, 1405, and 1409 W. Pulaski Street, Fort Worth, Texas)." Fifth, and after the stay was lifted, the motion for summary judgment was scheduled for hearing and the proceeding was reinstated on

the trial court's docket.  Sixth, notice of the hearing date was served upon Leslie. Seventh, the summary judgment hearing transpired, which resulted in the motion being granted.  Eighth, a final summary judgment was entered adjudicating title of the realty in HDH and awarding the latter attorney's fees.  Ninth, Wahid moved for a new trial about a month after the trial court signed the summary judgment.  Tenth, a motion substituting another attorney in place of Leslie was not signed by the trial court until after it denied the motion for new trial; no order granting Leslie's motion to withdraw was ever signed.

*Issue One*

Wahid initially argues that he ". . . received no notice of either the Order reinstating . . . [the cause after bankruptcy] matter nor the summary judgment hearing to be held on January 24, 2014. There was no strict compliance with the rules relating to proper service, rendering the service invalid."  Thus, he believed that he should have been granted a new trial.  We overrule the issue.

A decision to grant or deny a motion for new trial is reviewed under the standard of abused discretion.  *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009).  Thus, we cannot interfere with the decision unless the appellant shows it to be arbitrary, capricious, or a deviation from applicable rules and principles.  *Downer v. Aquamarine Operators, Inc.,* 701 S.W.3d 238, 241-42 (Tex. 1985).

No one disputes that HDH served Leslie with notice of both the trial court's reinstatement of the proceeding and the date on which the trial court would hear the pending summary judgment motion.  Nor does anyone dispute that the trial court had yet to grant Leslie's motion to withdraw when the aforementioned service occurred. This is of import because simply moving to withdraw does not mean counsel is no

3

longer attorney of record. The trial court must grant the motion. *See Ward v. State*, 740 S.W.2d 794, 797 (Tex. Crim. App. 1987); *Cooks v. State,* 190 S.W.3d 84, 87 (Tex. App.—Houston [1st Dist.] 2005), *aff'd,* 240 S.W.3d 906 (Tex. Crim. App. 2007) (noting that the trial court must permit counsel to withdraw). Indeed, withdrawal being dependent upon approval of the trial court is implicit in Rule 10 of the Texas Rules of Civil Procedure. The latter not only requires counsel to file a motion but also imposes obligations upon him "[i]f the motion is granted." TEX. R. CIV. P. 10. So too does it permit the trial court to "impose further conditions upon granting leave to withdraw." *Id.*

Because the trial court had yet to grant Leslie's motion to withdraw, Leslie remained counsel of record for Wahid when the cause was reinstated and the summary judgment motion was set for hearing. This entitled HDH to serve notice of those events upon Wahid via Leslie under Texas Rule of Civil Procedure 21a. TEX. R. CIV. P. 21a(a) (stating that "[e]very notice required by these rules, and every pleading, plea, motion, or other form of request required to be served under Rule 21 . . . may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record"). Consequently, we cannot say that the trial court's refusal to accept Wahid's argument regarding notice and the sufficiency of service was unreasonable or deviated from controlling rules and principles.

*Issue Three*

Because it influences the outcome of issue two, we next address issue three. Through it, Wahid posits that "[t]he Motion for Summary Judgment improperly awarded fees and expenses to HDH, in contravention of the express language of the Agreed Order Lifting the Automatic Stay from the bankruptcy court." We overrule the issue.

4

We construe orders in the same manner as contracts. *Hemyari v. Stephens*, 355 S.W.3d 623, 626 (Tex. 2011). While orders pertaining to the modification of a bankruptcy stay are strictly construed, *Dickinson v. Dickinson*, 324 S.W.3d 653, 656 (Tex. App.—Fort Worth 2010, no pet.), we nonetheless "enforce unambiguous orders literally." *Hemyari v. Stephens*, 355 S.W.3d at 626. So too do we strive to afford meaning to each provision of an order. *Id.* Finally, interpreting an order implicates a question of law that we review *de novo. MCI Telecomm. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 650-51 (Tex. 1999).

As previously mentioned, the bankruptcy court ordered that "[t]he automatic stay is terminated to allow HDH to proceed with the State Court Lawsuit with respect to the relief requested in HDH's first amended petition filed in the State Court Lawsuit regarding the Property (as defined in the Motion and located on 1401, 1405, and 1409 W. Pulaski Street, Fort Worth, Texas)." Wahid would have us construe that verbiage as permitting solely the adjudication of title to the realty at issue. That is, he reads the order to allow HDH to "proceed with the State Court Lawsuit with respect to the relief requested . . . *regarding the Property.*" (Emphasis in original). Yet, his use of the ellipsis is telling. By doing so, he omits the phrase "in HDH's first amended petition filed in the State Court Lawsuit." We are not free to ignore words appearing in the directive; again, meaning must be afforded to each provision if possible. More importantly, the omitted passage describes the measure of relief that HDH was free to pursue. That measure encompassed the "relief requested in HDH's amended petition filed in the . . . lawsuit regarding" the realty at issue. Attorney's fees were specifically requested in that

petition. Therefore, the trial court did not exceed the authority granted it under the order lifting the automatic stay by awarding HDH attorney's fees.

*Issue Two*

In his second issue, Wahid argues that he satisfied the elements of *Craddock v. Sunshine Bus Lines, Inc.*, and that entitled him to a new trial. We overrule the issue.

Again, the standard of review is one of abused discretion. *Dolgencorp of Tex., Inc. v. Lerma*, *supra.* Furthermore, the *Craddock* elements to which Wahid refers obligated him to establish that 1) the failure to appear at the summary judgment hearing was neither intentional nor the result of conscious indifference, but due to accident or mistake, 2) he had a meritorious defense, and 3) granting a new trial would not occasion delay or otherwise work an injury to HDH. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d at 126.

Regarding the first element, Wahid states that he failed to appear at the hearing because he did not get notice of it or the order reinstating the suit. As we concluded under issue one, though, he did receive notice via his attorney of record, Leslie. As for the matter of a meritorious defense, he argues that the trial court exceeded the scope of the order lifting the bankruptcy stay when it awarded attorney's fees. As we concluded under issue three, though, the trial court did not. Consequently, we cannot say that the trial court abused its discretion in rejecting this ground as basis for a new trial.

Accordingly, the judgment is affirmed.[1]

Brian Quinn
Chief Justice

---

[1] We do not ignore the argument proffered in Wahid's reply brief and pertaining to the timing of the summary judgment hearing. The argument consists of the notion that the setting of the summary judgment for hearing on the day selected was defective because "Appellee apparently reset the hearing date" before the trial court reinstated the case. In response, we first note that an appellant cannot raise new issues via a reply brief. *Fox v. City of El Paso*, 292 S.W.3d 249, 251 (Tex. App.—El Paso 2009, pet. denied). This appears to be a previously unmentioned issue. Second, Wahid cites no authority supporting his position, contrary to Texas Rule of Appellate Procedure 38.1(i); given this instance of inadequate briefing, the issue was waived. *Bullock v. American Heart Ass'n*, 360 S.W.3d 661, 665 (Tex. App.—Dallas 2012, pet. denied). Third, in addressing the matter, the trial court explained that "[b]ut my practice is, when we receive a notice that a case -- that a bankruptcy stay is effectively precluding a case from going forward, we enter an order removing it from the active docket and placing it on a, quote, inactive docket, because somewhere in the monthly statistics that are ground out every month there's a distinction. It doesn't actually close the case. It's not like a final judgment where the clerk closes the file." This suggests that the suit was simply dormant for purposes of statistics. And without the benefit of authority holding otherwise, we forego the opportunity to hold that removing a cause from the active docket for statistical reasons voids any action pertaining to that suit until replaced on the active docket.